**PARR BROWN GEE & LOVELESS**
David C. Reymann (Utah Bar No. 8495)
Cheylynn Hayman (Utah Bar No. 9793)
Kade N. Olsen (Utah Bar No. 17775)
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 532-7840
dreymann@parrbrown.com
chayman@parrbrown.com
kolsen@parrbrown.com

**ZIMMERMAN BOOHER**
Troy L. Booher (Utah Bar No. 9419)
J. Frederic Voros, Jr. (Utah Bar No. 3340)
Caroline Olsen (Utah Bar No. 18070)
341 South Main Street
Salt Lake City, UT 84111
(801) 924-0200
tbooher@zbappeals.com
fvoros@zbappeals.com
colsen@zbappeals.com

**CAMPAIGN LEGAL CENTER**
Mark P. Gaber*
Aseem Mulji*
Benjamin Phillips*
Isaac DeSanto*
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegalcenter.org
amulji@campaignlegalcenter.org
bphillips@campaignlegalcenter.org
idesanto@campaignlegalcenter.org

Annabelle Harless*
55 W. Monroe Street, Ste. 1925
Chicago, IL 60603
aharless@campaignlegalcenter.org

*Attorneys for Proposed Intervenors*

* *Pro Hac Vice Forthcoming*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| AMELIA POWERS GARDNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>Defendant.<br>_____<br><br>LEAGUE OF WOMEN VOTERS OF UTAH, *et al.*,<br><br>Proposed Intervenors. | **PROPOSED INTERVENORS' OPPOSITION TO MOTION TO EXPEDITE**<br><br>Case No. 2:26-cv-84-RJS |

Proposed Intervenors League of Women Voters of Utah, *et al.* ("LWV Intervenors") oppose Plaintiffs' stunning request that this Court order briefing, argument, and decision in one week's time on a preliminary injunction motion that Plaintiffs have not even filed yet in a lawsuit they delayed filing for *three months*. Considering the remarkable nature of Plaintiffs' demand and LWV Intervenors' need to protect their interests and due process rights, LWV Intervenors file this response understanding the Court has not yet ruled on their concurrently-filed motion to intervene.[1]

1. The map now set to govern Utah's congressional election ("Map 1") was imposed by the Utah state court on November 10, 2025. In a recent filing with the Utah Supreme Court, the Lieutenant Governor reported that the map implementation process has been finalized, with counties having adjusted their voting precincts to conform to its boundaries. The state court's order imposing Map 1 followed its August 25, 2025 order permanently enjoining further use of the 2021 congressional map (the "2021 Map") as violating the Utah Constitution and Proposition 4, Utah's law governing redistricting. It also followed a two-day evidentiary hearing on the Legislature's subsequently enacted map, Map C, which the state court preliminarily enjoined as likewise violating Proposition 4's requirements.

2. Plaintiffs in this case did nothing to advance their federal claim for the next three months. Rather than act expeditiously to file this lawsuit in November—or any reasonable time thereafter—they waited until February. Now they demand a ruling on their apparently forthcoming

---

[1] Plaintiffs style their motion as "Unopposed" because the Lieutenant Governor unsurprisingly does not oppose it. But when they represented that to the Court, Plaintiffs' counsel *knew* the above moving parties intended to intervene in this case—they had emailed Plaintiffs' counsel at 3:19 p.m. MT on February 6, 2026. Exhibit 1 hereto (email to counsel). Plaintiffs filed their purportedly "unopposed" motion nine hours later, near midnight, without responding to that email and without even mentioning it to the Court. Exhibit 2 hereto (CM/ECF notice).

preliminary injunction motion **six days from now.** They ask this Court to order a response to their not-yet filed preliminary injunction motion on Tuesday—allowing just **one business day** to consider and respond to their motion. They ask to preclude discovery and for the Court to hold an optional hearing with no witnesses—despite glaring Article III standing issues—this coming **Thursday.** And they ask the Court of three federal judges—two of whom have not yet even been appointed—to rule the **next day**, this coming Friday. *See Kansas Health Care Ass'n v. Kansas Dep't of Social and Rehabilitation Servs.*, 31 F.3d 1536, 1453-44 (10th Cir. 1994) ("As a general proposition, delay in seeking preliminary relief cuts against finding irreparable injury.").

3. The Court should deny Plaintiffs' expedition motion. Before this Court considers or decides Plaintiffs' preliminary injunction motion, it should first consider and decide LWV Intervenors' forthcoming motion to dismiss and/or stay the proceedings.

4. For example, Plaintiffs lack Article III standing, which precludes this Court from even considering their forthcoming preliminary injunction motion. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 441-42 (2007) (holding that private individuals lack standing to challenge court-imposed map under theory that it violates the Elections Clause because legislature did not enact it). Plaintiffs' request to shield themselves from discovery is especially problematic in light of *Lance*.

5. Moreover, long settled Supreme Court precedent requires federal courts to defer adjudicating redistricting suits when state courts are actively doing so. In *Growe v. Emison*, the U.S. Supreme Court explained that "[i]n the reapportionment context, the Court has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address the highly political task itself." 507 U.S. 25,

3

33 (1993) (emphasis in original). That is precisely the scenario here. In the pending state court litigation in which LWV Intervenors are plaintiffs and the Lieutenant Governor is a defendant, the state district court permanently enjoined the 2021 Map as violating the Utah Constitution and Proposition 4, preliminarily enjoined the subsequently enacted Map C, and imposed Map 1 as the judicial remedy to ensure a lawful congressional election in 2026. The court had the power and obligation to do so. *See id.* ("The power of the judiciary of a State to require valid reapportionment or to formulate a valid redistricting plan has not only been recognized by this Court but appropriate action by the states in such cases has been specifically encouraged." (quoting *Scott v. Germano*, 381 U.S. 407, 409 (1965) (per curiam)).

6. The Utah Supreme Court is currently considering a motion by the Legislative Defendants in the state court litigation to stay the district court's permanent injunction against the 2021 Map, in part based upon their argument that the court's order violates the federal Constitution's Elections Clause—the same argument Plaintiffs seek to advance in this federal lawsuit.

7. The federal Elections Clause is one of the issues being decided in the state court litigation. Longstanding precedent precludes this Court from entertaining Plaintiffs' forthcoming preliminary injunction motion given the ongoing state court litigation. Rather, this Court must defer consideration in favor of the state court litigation.

8. That is true regardless of whether the Utah Supreme Court grants or denies the pending stay motion or otherwise takes action on the pending appeal in time to affect the 2026 election. As the U.S. Supreme Court held in *Growe*, federal courts cannot intervene in redistricting litigation merely because there may be insufficient time for an appeal in the state court proceeding.

4

"We fail to see the relevance of the speed of appellate review. *Germano* . . . does not require appellate review of the [court-imposed] plan prior to the election." *Id.* at 35.

9. *Growe*'s unanimous holding that state courts are empowered to impose lawful maps in the absence of a lawful legislatively enacted map—including specifically congressional maps, *id.* at 36-37—also means that Plaintiffs' suit must be dismissed under Rule 12(b)(6).

10. To the extent there is an emergency, it is one of Plaintiffs' own making. Given the serious Article III jurisdictional problems, longstanding Supreme Court precedent requiring federal courts to defer redistricting litigation in favor of ongoing state court proceedings and specifically approving state court-imposed congressional maps, the due process rights of LWV Intervenors to have a fair and meaningful opportunity to respond to Plaintiffs' collateral attack on their state court victory, and Plaintiffs' unreasonable delay in filing their suit, the motion to expedite should be denied. The Court should instead first consider LWV Intervenors' concurrently-filed intervention motion and forthcoming motion to dismiss and/or stay the case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

RESPECTFULLY SUBMITTED this 7th day of February 2026.

/s/ *David C. Reymann*

**PARR BROWN GEE & LOVELESS**
David C. Reymann
Cheylynn Hayman
Kade N. Olsen

**CAMPAIGN LEGAL CENTER**
Mark P. Gaber
Annabelle Harless
Aseem Mulji
Benjamin Phillips
Isaac DeSanto

**ZIMMERMAN BOOHER**
Troy L. Booher
J. Frederic Voros, Jr.
Caroline Olsen
*Attorneys for Proposed Intervenors*