James C. Phillips (17302)
Tyler B. Lindley (18635)
SCHAERR | JAFFE LLP
299 S. Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
jphillips@schaerr-jaffe.com
tlindley@schaerr-jaffe.com

Gene C. Schaerr*
Justin A. Miller *
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com
jmiller@schaerr-jaffe.com

*Pro hac vice pending

Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| COMMISSIONER AMELIA POWERS GARDNER, a registered Utah voter and elected official, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>Defendant. | **PLAINTIFFS' REPLY TO PROPOSED INTERVENOR'S OPPOSITION TO MOTION TO EXPEDITE BRIEFING AND HEARING FOR THEIR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:26-cv-00084-RJS<br><br>District Judge Robert J. Shelby<br><br>THREE-JUDGE PANEL REQUESTED |

The Proposed Intervenors do not dispute any of the deadlines requiring expedition of Plaintiffs' motion for preliminary injunction. The Lieutenant Governor, the only other party currently in this case, informed Plaintiffs yesterday that she needs a decision in this case by February 23, 2026 to implement any relief. Nor do Proposed Intervenors dispute that a decision after that date would be too late to provide Plaintiffs the relief they need. Most importantly, Proposed Intervenors carefully avoid discussing the fact that the only parties who are now actually part of this lawsuit have consented to the proposed briefing schedule.

In fact, the Proposed Intervenors do not identify a single reason why this Court cannot resolve Plaintiffs' preliminary injunction motion (Doc. 19) on an expedited basis. Nor do they identify any concrete prejudice to Proposed Intervenors *from expedited briefing*. Instead, they preview various merits defenses that can be addressed on the same expedited schedule that Plaintiffs have proposed.

In a nutshell, Proposed Intervenors' opposition notes that they want to file motions to dismiss or stay and litigate threshold issues at a leisurely pace. This gamesmanship is precisely why intervention should not be granted. Where a case implicates imminent elections and purely legal constitutional questions, federal courts routinely expedite. Nothing about this case justifies delay. The motion to expedite should be granted.

## ARGUMENT

The Proposed Intervenors offer no reason the Court should not decide the legal questions in this case quickly. They offer only merits arguments why they believe that Plaintiffs are not entitled to relief, based on an as-yet-unseen motion to dismiss. Assuming the panel allows them to intervene, despite their apparent efforts merely to delay these proceedings, Plaintiffs would be willing to brief that motion to dismiss so that it can be decided by February 13th. But none of Proposed Intervenors' arguments justifies the delay they seek.

1. The Proposed Intervenors first raise some sort of laches argument that Plaintiffs waited too long to bring this federal lawsuit. Opp. ¶¶2, 10. Even if their premise were correct, that argument seems better suited for a motion to dismiss than a reason to oppose expedition. But their argument is misguided regardless.

The Proposed Intervenors' distortions make it appear that Plaintiffs have delayed filing their lawsuit for three months. But Map 1 was still being altered until December 5, 2025. *See* Dkt. at 5, *League of Women Voters of Utah v. Utah State Legislature,* No. 220901712 (Utah Dist. Ct., Salt Lake Cnty.) (Ruling Regarding Nov. 21, 2025 Order Clarifying Boundary Issues, Dec. 5, 2025) (Exhibit A). And the final order purporting to make Map 1 Utah's congressional map for 2026 was not entered until January 6, 2026.[1] *See* Ex. A at 6 (Final Judgment, Jan. 6, 2026). Plaintiffs filed

---

[1] This final order came almost one year after the January 31, 2025 hearing on cross-motions for summary judgment from the Attempted Intervenors and the State

3

this lawsuit only 27 days later and sought a preliminary injunction soon thereafter while waiting for the three-judge panel to be selected. Doc. 19. Most important, Plaintiffs could not have filed their lawsuit until the final order without risking dismissal.[2] *See Growe v. Emison*, 507 U.S. 25, 30, 36 (1993).

What is more, the Proposed Intervenors do not come before this Court with clean hands. When Judge Gibson altered Map 1 to clarify boundary issues on December 5th, the State Legislature sought entry of a final order so it could appeal. *See* Ex. A at 5 (Mot. for Entry of Final Judgment, Dec. 9, 2025). But the Proposed Intervenors opposed entry of a final order. *See* Ex. A at 5 (Pls.' Mem. in Opp'n to Mot. for Entry of Final Judgment, Dec. 12, 2025). Judge Gibson sided with the Proposed Intervenors and on December 26th denied the request for a final order. *See* Ex. A at 5 (Ruling and Order, Dec. 26, 2025). Judge Gibson did not enter a final order until January 6, 2026. *See* Ex. A at 6 (Judgment Entered, Jan. 6, 2026). Having delayed the entry of final judgment there, the Proposed Intervenors can hardly complain that the Plaintiffs were thereby delayed in filing the present suit.

2. Contrary to Proposed Intervenors, standing here is clear, *cf.* Opp. ¶¶3-4, especially following the Supreme Court's recent decision in *Bost v. Ill. State Bd. of*

---

Legislature. The ruling on those motions was then delayed for seven months until August 22, 2025.

[2] District courts cannot rule on a motion to dismiss until a three-judge panel is appointed. *See Shapiro v. McManus*, 577 U.S. 39, 43-44, 46 (2015) (plaintiffs need clear only the "low bar" of not being "essentially fictitious," "obviously frivolous," etc.).

*Elections*, 607 U.S. --, 2026 WL 96707 (2026). *See* Doc. 19 at 10-18. And only one plaintiff needs standing; the congressional candidates clearly qualify. *Bost*, 2026 WL 96707, at *3 n.3 ("[O]nly one plaintiff needs standing for a suit to proceed." (citing *Biden v. Nebraska*, 600 U.S. 477, 489 (2023)). In any event, standing here is primarily a legal question that is already part of the briefing for the motion for preliminary injunction and resolved on an expedited schedule. It is not a reason to postpone briefing altogether.

In any event, the Supreme Court cases that the Proposed Intervenors rely on for their standing arguments favor Plaintiffs, as set out extensively in their motion for preliminary injunction. *See* Doc. 19 at 13-14 (discussing *Lane v. Coffman*, 549 U.S. 437, 442 (2007)), 16-18 (discussing *Growe v. Emison*, 507 U.S. 25, 32 (1993)).

3. Proposed Intervenors are also wrong in suggesting that the current lawsuit is somehow foreclosed by the pendency of the state court action. The Supreme Court has reiterated that federal and state courts can concurrently exercise jurisdiction over congressional redistricting challenges. Doc. 19 at 17 (citing *Growe*, 507 U.S. at 32); *see also Thompson v. Smith*, 52 F. Supp. 2d 1364, 1368 (M.D. Ala. 1999) ("[I]n *Growe*, the Supreme Court acknowledged that, after the state court had completed its proceeding, the federal court later rightfully took up the remaining [federal] claim.... *Growe* did not require that the plaintiffs there pursue their [federal] claim in state court as well."). But regardless, the pendency of the other action is still no reason for this Court to *delay* resolution of this proceeding.

5

4. The Proposed Intervenors also mischaracterize Plaintiffs' lawsuit as a "collateral attack" on their state judgment against S.B. 200. Not so. Plaintiffs do not challenge that judgment at all and S.B. 200 is not implicated here. Instead, Plaintiffs are challenging the congressional map (Map 1) that the state court purported to adopt as a *remedy* for its finding as to S.B. 200—without any finding that the pre-existing (2021) map was in any way unlawful. That the Proposed Intervenors are the ones who created Map 1 does not mean they get to defend it against "collateral attack" in perpetuity.

The Proposed Intervenors' perspective that they can step in and thwart constitutional challenges to Map 1 under the "collateral attack" label speaks volumes about who its author is and the constitutionality of that map under the Elections Clause. But it does not provide any basis for denying Plaintiffs' motion to expedite. Plaintiffs are not seeking any relief against Judge Gibson. Plaintiffs believe the Lieutenant Governor is implementing an unconstitutional map and are entitled to challenge that implementation. Such challenges are not impermissible collateral attacks. *See, e.g.*, *Growe*, 507 U.S. at 36 (federal courts are "empowered to entertain the … claims relating to … redistricting … to the extent those claims challenged the *state court's* plan"). The Proposed Intervenors' merits arguments are no reason to deny the motion to expedite.

5. The Proposed Intervenors' main mission seems to be to delay these proceedings—which counsels strongly against granting their motion to intervene.

And that is ironic, since counsel for the Proposed Intervenors are more often plaintiffs in redistricting litigation, and are no strangers to expedited briefing requests of their own. *See, e.g.*, Pls.-Appellants' Mot. for Expedited Briefing and Decision, *Jackson v. Tarrant County*, No. 25-11055 (5th Cir. Sep. 18, 2025), ECF No. 4.

In all events, the Proposed Intervenors have already demonstrated that they are already well-equipped to meet the briefing schedule the actual parties have already agreed to. The Proposed Intervenors have already previewed their merits arguments here, claim to already have a motion to dismiss nearly ready, and further claim that similar issues are involved in the state lawsuit that they have been litigating for nearly four years.

**CONCLUSION**

The Proposed Intervenors offer this Court no legitimate reason to deny the pending motion to expedite the briefing and decision of this critically important case. Plaintiffs respectfully request that the Court grant their motion to expedite.

| | |
|---|---|
| February 7, 2026 | Respectfully submitted,<br><br>*/s/James C. Phillips*<br>JAMES C. PHILLIPS<br>Utah Bar No. 17302<br>TYLER B. LINDLEY<br>Utah Bar No. 18635<br>SCHAERR \| JAFFE LLP<br>299 S. Main Street, Suite 1300<br>Salt Lake City, UT 84111<br>jphillips@schaerr-jaffe.com<br>tlindley@schaerr-jaffe.com<br><br>GENE C. SCHAERR*<br>D.C. Bar No. 416368<br>JUSTIN A. MILLER*<br>D.C. Bar No. 90022870<br>SCHAERR \| JAFFE LLP<br>1717 K Street NW, Suite 900<br>Washington, DC 20006<br>gschaerr@schaerr-jaffe.com<br>jmiller@schaerr-jaffe.com<br><br>**Pro hac vice* application pending*<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of DUCivR 7-1(a)(4)(D) and 10-1 because this motion was prepared in 12-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word, and because this motion contains 1,448 words.

Dated: February 7, 2026            <u>*/s/ James C. Phillips*</u>
James C. Phillips (17302)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 7, 2026, the foregoing motion was filed with the Clerk of the Court by this CM/ECF filing system, which will cause all counsel of record to be served electronically.

Dated: February 7, 2026 /s/ *James C. Phillips*
James C. Phillips (17302)

*Counsel for Plaintiffs*