David P. Billings (Utah Bar No. 11510)
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, Utah 84111
801-531-8900
dbillings@fabianvancott.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
206-656-0177
akhanna@elias.law

Richard A. Medina*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
202-968-4490
rmedina@elias.law
maccardi@elias.law

*Attorneys for Proposed Intervenor
National Redistricting Foundation*

*\*Pro hac vice* application forthcoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| COMMISSIONER AMELIA POWERS GARDNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>Defendant. | Civil Action No. 2:26-cv-84-RJS-JCB |

**PROPOSED INTERVENOR NATIONAL REDISTRICTING FOUNDATION'S
PROPOSED ANSWER**

1

## INTRODUCTION

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the cited constitutional provisions contain the quoted text. Proposed Intervenor denies the remaining allegations in Paragraph 1.

2. Proposed Intervenor admits that Judge Gibson issued an order adopting a remedial congressional plan on November 10, 2025, and that Lieutenant Governor Henderson is bound to use this plan for the 2026 elections. Paragraph 2 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

5. Proposed Intervenor admits that Plaintiffs purport to seek the relief specified in Paragraph 5, but deny that they are entitled to such relief. Proposed Intervenor denies the remaining allegations in Paragraph 5.

## PARTIES

6. Proposed Intervenor admits that the Plaintiffs are elected officials. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether the Plaintiffs are registered Utah voters and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 6.

7. Proposed Intervenor admits that Amelia Powers Gardner is a commissioner of Utah County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Gardner is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 7.

8. Proposed Intervenor admits that Greg Miles is a commissioner of Duchesne County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Miles is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 8.

9. Proposed Intervenor admits that Clint Painter is a commissioner of Juab County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Painter is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 9.

10. Proposed Intervenor admits that Victor Iverson is a commissioner of Washington County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Iverson is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 10.

11. Proposed Intervenor admits that Lori Maughan is a commissioner of San Juan County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Maughan is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 11.

12. Proposed Intervenor admits that Tammy Pearson is a commissioner of Beaver County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to

whether Commissioner Pearson is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 12.

13. Proposed Intervenor admits that Adam Snow is a commissioner of Washington County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Commissioner Snow is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 13.

14. Proposed Intervenor admits that Jimmie Hughes is the mayor of St. George. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Mayor Hughes is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 14.

15. Proposed Intervenor admits that Tracy Glover is the sheriff of Kane County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Sheriff Glover is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 15.

16. Proposed Intervenor admits that Chad Jensen is the sheriff of Cache County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Sheriff Jensen is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 16.

17. Proposed Intervenor admits that Mike Smith is the sheriff of Utah County. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Sheriff Smith is a registered Utah voter and therefore denies that allegation. Proposed Intervenor denies the remaining allegations in Paragraph 17.

18. Proposed Intervenor admits that Burgess Owens is an incumbent member of the United States House of Representatives from Utah. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Representative Owens is a registered Utah voter and whether he intends to seek reelection, and therefore denies those allegations. Proposed Intervenor denies the remaining allegations in Paragraph 18.

19. Proposed Intervenor admits that Celeste Maloy is an incumbent member of the United States House of Representatives from Utah. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to whether Representative Maloy is a registered Utah voter and whether she intends to seek reelection, and therefore denies those allegations. Proposed Intervenor denies the remaining allegations in Paragraph 19.

20. Admitted.

21. Proposed Intervenor admits that the Lieutenant Governor has stated that she will implement Map 1 unless ordered not to do so. Paragraph 21 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

## PLAINTIFFS' STANDING

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

28. Denied.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

33. Proposed Intervenor admits that Congressional District 3 contains 17 counties and part of Utah County. Paragraph 33 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

34. Proposed Intervenor admits that Map 1 places Eagle Mountain, Lehi, Santaquin, and Saratoga Springs in Congressional District 4. Proposed Intervenor denies the remaining allegations in Paragraph 34.

35. Proposed Intervenor admits that the previous congressional map enacted by the Utah Legislature split Salt Lake County into four separate congressional districts. Paragraph 35 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

37. Denied.

38. Proposed Intervenor lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 38 regarding Commissioner Gardner's work with Representative Kennedy, and therefore denies them. Proposed Intervenor denies the remaining allegations in Paragraph 38.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

40. Proposed Intervenor lacks knowledge and information sufficient to form a belief as to whether the commissioners of Washington County have voted to "refuse to adopt" the map ordered by the Utah district court, and therefore denies that allegation. Paragraph 40 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

41. Denied.

42. Denied.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

44. Proposed Intervenor admits that the Utah district court enjoined the use of both the 2021 map and the legislature's proposed replacement, Map C. Proposed Intervenor admits that the Utah district court adopted a remedial map. Proposed Intervenor admits that the Utah Legislature has appealed to the Utah Supreme Court. Proposed Intervenor lacks knowledge and information sufficient to form a belief about the campaign activities of the Representatives, and therefore denies the allegations in the first sentence of Paragraph 44. Paragraph 44 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

45. Proposed Intervenor admits that the filing deadline for congressional candidates in Utah was previously in January. Paragraph 45 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

47. Proposed Intervenor admits that neither Representative Maloy nor Representative Owens have filed for reelection. Paragraph 47 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

48. Proposed Intervenor admits that Representative Maloy's current district includes Tooele County and parts of Salt Lake and Davis Counties. Proposed Intervenor lacks knowledge and information sufficient to form a belief as to which district Representative Maloy resides in under the state court's remedial map, and therefore denies that her "new district" includes "multiple other counties." Paragraph 48 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

49. Denied.

50. Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

51. Paragraph 51 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

52. Proposed Intervenor admits that the quoted language appears in the cited cases. Paragraph 52 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

53. Proposed Intervenor admits that the quoted language appears in the cited cases. Paragraph 53 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

56. Paragraph 56 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

57. Proposed Intervenor admits that the quoted language appears in the cited case. Paragraph 57 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

58. Paragraph 58 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

59. Paragraph 59 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

## ADDITIONAL FACTUAL ALLEGATIONS

60. Proposed Intervenor admits that the cited constitutional provision contains the quoted text. Paragraph 60 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

61. Proposed Intervenor admits that the cited statute contains the quoted text. Paragraph 61 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

62. Proposed Intervenor admits that the quoted language appears in the cited case. Paragraph 62 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

63. Proposed Intervenor admits that the cited constitutional provision contains the quoted text. Paragraph 63 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

64. Proposed Intervenor admits that the quoted language appears in the cited case. Paragraph 64 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

65. Paragraph 65 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

66. Denied.

67. Admitted.

68. Proposed Intervenor admits that Proposition 4 created an Independent Redistricting Commission, and admits that the quoted language appears in the cited case. Paragraph 68 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

69. Proposed Intervenor admits that the Utah Legislature passed SB 200 in 2020, and that plaintiffs including the League of Women Voters of Utah and Mormon Women for Ethical Government sued the Legislature in state court over SB 200. Proposed Intervenor admits that the quoted language appears in the cited case. Paragraph 69 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

70. Proposed Intervenor admits that the quoted language appears in the cited case. Paragraph 70 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

71. Proposed Intervenor admits that the quoted language appears in the cited case.

72. Admitted.

73. Proposed Intervenor admits that the Utah district court issued an order on August 25, 2025. The court's order speaks for itself. Paragraph 73 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

74. Proposed Intervenor admits that the Lieutenant Governor represented to the Utah district court that a map needed to be in place by November 10, 2025. Paragraph 74 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

75. Proposed Intervenor admits that the Legislature passed S.B. 1011 and S.B. 1012. Those statutes speak for themselves. Paragraph 75 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

76. Admitted.

77. Admitted.

78. Proposed Intervenor admits that the Utah district court issued its remedial order on November 10, 2025. The order speaks for itself. Paragraph 78 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

79. Admitted.

80. Admitted.

81.     Proposed Intervenor admits that the cited order contains the quoted language. Paragraph 81 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

82.     Denied.

83.     Denied.

84.     Proposed Intervenor admits that the cited statute contains the quoted text. Paragraph 84 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

85.     Proposed Intervenor admits that the cited statute contains the quoted text. Paragraph 85 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

86.     Paragraph 86 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

87.     Paragraph 87 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

88.     Denied.

## CLAIM

## COUNT I

89.     Proposed Intervenor Incorporates by reference each of its preceding admissions, denials, and statements as if fully set forth herein.

90. Proposed Intervenor admits that the cited constitutional provision contains the quoted text. Paragraph 90 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

91. Proposed Intervenor admits that the cited constitutional provision contains the quoted text. Paragraph 91 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

92. Proposed Intervenor admits that the quoted text appears in the cited case. Paragraph 92 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

93. Proposed Intervenor admits that the quoted text appears in the cited case. Paragraph 93 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

94. Proposed Intervenor admits that the cited statute contains the quoted text. Otherwise denied.

95. Denied.

96. Denied.

97. Denied.

98. Proposed Intervenor admits that the cited statute contains the quoted text. Otherwise denied.

99. Denied.

100. Denied.

## PRAYER FOR RELIEF

Proposed Intervenor denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiffs' Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction because Plaintiffs lack standing.

3. Plaintiffs have failed to establish entitlement to injunctive relief.

4. Plaintiffs' claims are barred by abstention doctrines, including under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

5. Plaintiffs failed to join necessary parties.

6. Plaintiffs' claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

7. Plaintiffs lack a private right of action.

8. Plaintiffs' claims are barred by the doctrine of issue preclusion.

Dated: February 11, 2026                         Respectfully submitted,


                                                 /s/ *David P. Billings*

                                                 David P. Billings
                                                 **FABIAN VANCOTT**
                                                 95 South State Street, Suite 2300
                                                 Salt Lake City, Utah 84111
                                                 801-323-2205
                                                 dbillings@fabianvancott.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: 206-656-0177
akhanna@elias.law

Richard A. Medina*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: 202-968-4490
rmedina@elias.law
maccardi@elias.law

*Attorneys for Proposed Intervenor National Redistricting Foundation*

*\* Pro hac vice application forthcoming*