Gene C. Schaerr (*pro hac vice*)
D.C. Bar No. 416368
Justin A. Miller (*pro hac vice*)
D.C. Bar No. 90022870
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com
jmiller@schaerr-jaffe.com

James C. Phillips (17302)
Tyler B. Lindley (18635)
SCHAERR | JAFFE LLP
299 S. Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 918-5529
jphillips@schaerr-jaffe.com
tlindley@schaerr-jaffe.com

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| COMMISSIONER AMELIA POWERS GARDNER, a registered Utah voter and elected official, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>Defendant. | **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**<br><br>Case No. 2:26-cv-00084-RJS-JCB<br><br>Circuit Judge Timothy M. Tymkovich<br>District Judge Robert J. Shelby<br>District Judge Holly L. Teeter<br><br>Mag. Judge Jared C. Bennett |

After filing a motion to intervene, Doc.17 ("Mot."), Attempted Intervenors' first act was to seek to slow-walk this case. Doc.18. They did so despite knowing that Defendant needed a final answer on which map to use by February 23, 2026. Doc.14 at 2. And they did so despite knowing that Plaintiffs and Defendant had already agreed to and notified this Court of a proposed expedited briefing and hearing schedule that would have provided ten days before Defendant's deadline to allow for an appeal. *Id.*

What is more, Attempted Intervenors sought intervention just four days before briefing would have been completed and five days before the hearing under the jointly agreed-upon proposed schedule. Thus, just by filing their opposition to expedited review, Attempted Intervenors have already significantly delayed this case compared to the original agreed-upon and proposed timeline—nearly doubling the time from the day the complaint was filed to the hearing date the parties proposed.

This manifested an intent through word and deed to delay this case, and so prejudice both Plaintiffs and Defendant. And the unclean hands of Attempted Intervenors should not be overlooked as they sought to delay the entry of final judgment in the state court that was necessary before this federal suit could be filed.

Past is prologue. If allowed into this suit, despite the current briefing schedule, Attempted Intervenors will continue to try and run out the clock in this case. That is sufficient reason to deny Attempted Intervenors' motion to intervene.

## ARGUMENT

In this Circuit, "an applicant may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties." *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. U.S. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (cleaned up). Meanwhile, under Rule 24(b)(1)(B) governing permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1074 (10th Cir. 2015) (cleaned up). Because the Attempted Intervenors' motion would cause undue delay or prejudice, their motion should be denied as to both intervention as of right and permissively.

**I.  Attempted Intervenors' Motion is Prejudicial Given the Fast-Paced Schedule Here.**

A would-be intervenor must satisfy *all* of Rule 24's requirements, including that the "motion for intervention [be] timely." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). Attempted Intervenors argue that their Motion is timely based solely on the fact that this litigation was brought not long before the Motion was filed and so "[t]his litigation is in its earliest stages…. There is no threat of prejudice or delay …, and the motion is timely." Mot. 8.

The problem with this simplistic reasoning is that the timeliness of a motion to intervene is determined "in light of all of the circumstances." *Sanguine*, 736 F.2d at 1418 (citation omitted). "[T]hree factors a[re] particularly important: (1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (cleaned up). But "these consideration[s] are not exclusive and the trial court should also consider the existence of any unusual circumstances"—that is, "whether unusual circumstances argue for or against permitting the [applicants] to intervene." *Id.* at 1232, 1238 (cleaned up).

Although Attempted Intervenors moved to intervene shortly after this action was filed, intervention would likely result in "prejudice to the existing parties," as there are "unusual circumstances" that make intervention inappropriate. Specifically, (1) the inherently time-sensitive nature of election-related litigation, (2) Attempted Intervenors' intent to drag out this litigation, and (3) the prejudice that has and will result to Plaintiffs and Defendant from delay induced by Attempted Intervenors.

### A. Time-sensitive litigation, such as redistricting challenges, inherently satisfy "unusual circumstances" that strongly weigh against intervention.

The unusual circumstances often present in election litigation are here in spades given that the Lieutenant Governor has made clear that February 23, 2026,

4

is the latest she can be directed by a court to implement the 2021 map—Plaintiffs' proposed remedy—to be ready for the start of the candidate filing deadline period on March 9, 2026. Doc.44. And Attempted Intervenors knew this before filing their motion to intervene. *See* Doc.14. Also, they sought to intervene four days before the existing parties had agreed to complete briefing and five days before an agreed-upon hearing date. *Id.* at 5. Thus, Attempted Intervenors' claim that "[t]his litigation is in its earliest stages" is misleading. Mot. 8. Rather, this litigation is in its final stages—and was on schedule to be completed next week before they sought to intervene.

Federal courts have repeatedly recognized in assessing intervention as of right that inherently urgent litigation counsels against intervention, regardless of whether the would-be intervenors had unduly delayed in moving to intervene. *United States v. BASF-Inmont Corp.*, 52 F.3d 326 (Table), 1995 WL 234648, *4 (6th Cir. 1995) (per curiam) ("CERCLA's clear policy favoring speedy settlement and execution … is an unusual circumstance urging denial of intervention.").

And election law challenges are inherently urgent. *Fed. Election Comm'n v. Nat'l Conservative Pol. Action Comm.*, 470 U.S. 480, 487 (1985) (noting "Congress' judgment [to] justify a three-judge court, expedited review, and direct appeal to th[e] [Supreme] Court" for election law challenges). Further, redistricting cases are "uniquely important" and should receive expedited review, including "expedited Supreme Court correction, if necessary." *Louisiana v. Callais*, 145 S.Ct. 2608, 2610 n.2 (2025) (Thomas, J., dissenting from decision to hear reargument) (quoting

5

Michael E. Solimine, *The Three-Judge District Court in Voting Rights Litigation*, 30 U. Mich. J.L. Reform 79, 84 (1996)). This reality is underscored by this Court's granting Plaintiffs' motion to expedite.

Hence, federal courts have repeatedly noted that the "unusual circumstances" of expedited litigation disfavor intervention. *Gen. Land Off. v. Trump*, No. 24-40447, 2025 WL 1410414, *7-8 (5th Cir. May 15, 2025) (noting that "[t]he states argue that there are unusual circumstances weighing against timeliness because the Fifth Circuit previously urged the district court to act expeditiously" and determining the unusual circumstances factor "disfavors timeliness"); *Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18CV357, 2018 WL 8805953, *3 (S.D. Ohio Aug. 16, 2018) (three-judge court) ("The plaintiffs argue that the expedited nature of this case is an 'unusual circumstance' that favors denying intervention. Certainly not all cases are expedited and thus this factor weighs slightly against the proposed intervenors."); *TRW Env't Safety Sys., Inc. v. United States*, 16 Cl. Ct. 516, 519 (1989) ("[A]s to the … element of 'timeliness,' the presence of unusual circumstances, the court notes that this proceeding must go forth expeditiously.").

By their very accelerated, time-sensitive nature, federal redistricting challenges fall under "unusual circumstances" that robustly counsel against allowing intervention.

6

### B. The "unusual circumstances" of this case also heavily militate against intervention.

Second, a complimentary "unusual circumstance" favoring denial of the motion to intervene is that Attempted Intervenors seem to be pursuing a strategy of deliberate delay. Indeed, Attempted Intervenors' initial act after filing a motion to intervene was seeking to put the brakes on this case. Doc.18. Attempted Intervenors have already managed to almost double the time in the case prior to the hearing from the time Plaintiffs and Defendant agreed on: Because of Attempted Intervenors' opposition to Plaintiffs' motion to expedite, which this Court granted in part by rejecting the proposed timeline, the time to the hearing went from seven days to thirteen days. *Compare* Doc.14 at 5 *with* Doc.25. Objectively, that may not seem like much time, and that is how Attempted Intervenors have and will try to frame it. But subjectively here that delay is a litigation eternity when Plaintiffs had ten days to appeal a decision under the original agreed-upon timeline and now maybe have only three—or even fewer.

Nor is this strategy to delay—and the words and acts confirming it—a surprise. In the state court litigation as plaintiffs, Attempted Intervenors opposed a motion for entry of final judgment by the Legislative Defendants. Doc.46-3 at 2. Given Supreme Court precedent, those tactics delayed the ability of Plaintiffs to bring this suit by nearly a month—until January 6, 2026, when the state court finally issued its final

order on its plan.[1] *Growe v. Emison*, 507 U.S. 25, 30, 36 (1993) ("On January 30, the state court issued a final order adopting its legislative plan and requiring that plan to be used for the 1992 primary and general elections…. [A]fter January 30 the federal court was empowered to entertain the *Emison* plaintiffs' [Election Clause] claims relating to legislative redistricting only to the extent those claims challenged the *state court's* plan.").

Attempted Intervenors' dilatory motives are a substantial factor weighing against granting intervention. As the Sixth Circuit has put it, "[t]imeliness should be evaluated in the context of all relevant circumstances, such as the purpose of the motion to intervene." *Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987). "The intervenor's purpose is proper—satisfying [a] timeliness sub-factor—where it is clear and legitimate." *Int'l Union of Painters & Allied Trades v. Smith*, No. 1:23-CV-502, 2024 WL 1012967, *7 (S.D. Ohio Mar. 8, 2024) (cleaned up), *aff'd*, 148 F.4th 365 (6th Cir. 2025). By contrast, "improper purpose for seeking to intervene," *Chill v. Farmers Ins. Co.*, 520 F.Supp.3d 1004, 1012 (M.D. Tenn. 2021), may warrant denial of intervention, *Cahoo v. SAS Inst., Inc.*, 71 F.4th 401, 413 (6th Cir. 2023) (denying intervention of right partially because would-be intervenor's "purposes for

---

[1] On December 11, 2025, the legislative defendants in that case moved for entry of final judgment, which the plaintiffs there opposed. *See* Doc.46-3 at 2. Only on January 6, 2026, did the state court *finally* enter final judgment. *See* Ex. A (Certification as Final Judgment); *see also* Ex. B at 6 (state court docket) ("January 06, 2026: Filed: Judgment Rule 54(b) Certified Judgment").

8

intervening were not legitimate" (cleaned up)); *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, No. 1:23-CV-5392-MHC, 2025 WL 3567286, *10 (N.D. Ga. Mar. 28, 2025).

What is more, Attempted Intervenors' counsel understands all of this: They have *opposed* intervention by wannabe defendants when they were representing plaintiffs in federal election law litigation and had asked for expedited review. *See* Docket, *Turtle Mountain Band of Chippewa Indians v. Howe,* 137 F.4th 710 (8th Cir. 2025) (No. 23-3655) (plaintiffs represented by Mark Gaber and the Campaign Legal Center). In that suit, after the district court mandated that the North Dakota Legislative Assembly remedy the deficiencies the court found with its redistricting map, the Legislative Assembly sought to intervene. North Dakota Legislative Assembly's Motion to Intervene on Appeal, *id.* (Dec. 17, 2023). And Attempted Intervenors' counsel here opposed intervention there based on, among other things, untimeliness. Appellees' Response in Opposition to Motion Intervene at 9-13, *id.* (Dec. 20, 2023). Ultimately, intervention was denied. Order, *id.* (Jan. 26, 2024). As in poultry farming, so in litigation—what is good for the plaintiff goose is good for the defendant gander.

Possessing the purpose, evident from objective evidence, of delaying this litigation, and having unclean hands in delaying its start, should doom Attempted Intervenors' motion.

9

### C. Prejudice to Plaintiffs and Defendant is Stark

Another factor bearing on timeliness is "prejudice to the existing parties." *Edmondson*, 619 F.3d at 1232 (cleaned up). That both Plaintiffs and Defendant will suffer prejudice is undoubted given Defendant's February 23rd deadline to implement Plaintiffs' requested relief. If Attempted Intervenors can effectively filibuster a decision by this Court past that date, and, arguably, even on or just before that date, then it will cast doubt on the ability of this Court or the Supreme Court to grant Plaintiffs' relief. Likewise, a ruling in Plaintiffs' favor by this Court or the Supreme Court after February 23, 2026, would place Defendant in a position she deems "not … feasible." Doc.44 at 4.

Furthermore, Attempted Intervenors have already prejudiced Plaintiffs and Defendant by delaying this suit's onset through opposing the entry of a final order on the state court's map in the state litigation. *See* Doc.46-3 at 2. Likewise, Attempted Intervenors have already prejudiced Plaintiffs by cutting their ability to seek Supreme Court review from ten days under the original proposed timeline agreed on by Plaintiffs and Defendant (ruling by February 13) to perhaps just three days if the Court rules, as Plaintiffs request, no later than by the end of the day on February 20, 2026. It is not clear Supreme Court briefing could be completed, much less that the Supreme Court would issue a decision, in three days or less. The prejudice here is palpable.

* * *

10

Given the "unusual circumstances" of election-related litigation generally and specifically this case, and the clear prejudice to Plaintiffs and Defendant, this is not a situation where existing parties "allege[] prejudice just from the fact of intervention." *Kane County v. United States*, 928 F.3d 877, 891 (10th Cir. 2019). Rather, Plaintiffs will be prejudiced (and already have been) by the attempted intervention of parties who sought to delay related litigation in state court and have sought to do (and have done) the same here. That should defeat their motion. *Edmondson*, 619 F.3d at 1239 (upholding denial of intervention solely on attempted intervenors failing the timeliness element).

## II. Attempted Intervenors are Not Entitled to Permissive Intervention.

At their Motion's end, Attempted Intervenors include a terse request in the alternative for permissive intervention. Mot. 10. "As to permissive intervention under Rule 24(b), the considerations are much the same" as those governing intervention as of right, *Allard v. Frizzell*, 536 F.2d 1332, 1334 (10th Cir. 1976), except that in "the context of permissive intervention, … the timeliness element" is analyzed "more *strictly* than … with intervention as of right," *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (emphasis added).

Attempted Intervenors are not entitled to permissive intervention. As explained earlier, intervention would cause "prejudice and delay" for Plaintiffs, as Attempted Intervenors would "complicate and expand [this] circumscribed action." *Statewide Masonry v. Anderson*, 511 F.App'x 801, 808 (10th Cir. 2013).

Moreover, federal courts have held that permissive intervention is untimely or prejudicial under circumstances akin to here—specifically, cases involving fast-approaching elections. *See, e.g.*, *Nemes v. Bensinger*, 336 F.R.D. 132, 137-38 (W.D. Ky. 2020); *League of Women Voters of Va. v. Va. State Bd. of Elections*, 458 F.Supp.3d 460, 466-67 (W.D. Va. 2020); *Goodall v. Williams*, No. 18-CV-00980-PAB, 2018 WL 2008849, *8 (D. Colo. Apr. 28, 2018).

In these cases, the impending Election Day counseled against intervention, even without regard to whether would-be intervenors had unduly delayed filing their intervention motion. *League of Women Voters*, 458 F.Supp.3d at 467 (denying intervention "[d]espite [would-be intervenors'] timely attempt at intervention in this action" when they sought intervention just six days after the complaint's filing and two days after the preliminary injunction motion's filing because permitting the attempted intervenors "to participate in this litigation poses a substantial risk of prejudice to the existing parties to this suit"); *Goodall*, 2018 WL 2008849, *4, *8 (denying permissive intervention despite filing intervention and preliminary injunction motions one day after complaint filed because, in part, intervention "will only delay and prejudice the resolution of the existing parties' dispute" as "[t]he Court's concerns about delay and prejudice are particularly acute given the time-sensitive nature of this litigation" where "[t]he deadline for the Secretary to certify candidates to the Republican primary ballot is in less than a week"); *Nemes*, 336

F.R.D. at 134-35, 138 (denying permissive intervention because motion to intervene came 11 days before primary elections).

Likewise, Attempted Intervenors sought intervention 16 days before Defendant's deadline of which they were well aware, in a federal suit they had already assisted in delaying its start. And they have already prejudiced the existing parties and will continue to do so if allowed to intervene given the case's tight timeline. Permissive intervention here is therefore improper.

### III. If Allowed Intervention, It Should Be Conditioned on Attempted Intervenors' Adherence to the Court's Ability to Decide This Case by February 20.

Alternatively, even if this Court concludes Attempted Intervenors may intervene by right or permission, their intervention should be conditioned on compliance with whatever timetable would have been set in Attempted Intervenors' absence. They should not be allowed to intervene and then prolong these proceedings. "[I]ntervention as of right may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings. The district court has the ability to lessen any potential delay by," for instance, "denying discovery or by denying an evidentiary hearing." *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1396 (10th Cir. 2009) (cleaned up).

Courts deciding election-law cases have noted that a prospective intervenor's agreement to abide by existing deadlines supports granting intervention as of right. *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 266 (D. Ariz. 2020);

13

*Blankenship v. Blackwell*, 341 F.Supp.2d 911, 918 (S.D. Ohio 2004). Likewise, extensive authority supports the proposition that permissive intervention in election-law cases should be conditioned on would-be intervenors' adherence to a preexisting (or other fast-paced) briefing schedules.[2]

Thus, if this Court grants intervention, it should make clear that the current schedule is not changeable; that dilatory tactics by Attempted Intervenors, including seeking discovery or filing additional motions, including post-hearing motions, are prohibited; and that anything delaying the suit by even a single day will not be tolerated.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Attempted Intervenors' motion to intervene. Alternatively, this Court should permit intervention subject to conditions that prevent these urgent proceedings from being delayed even one day further than the current schedule so that the Court can issue a decision preferably by February 20, and no later than February 23, 2026.

---

[2] *A. Philip Randolph Inst. v. LaRose*, No. 1:20-CV-01908, 2020 WL 5524842, *2 (N.D. Ohio Sep. 15, 2020); *Thomas v. Andino*, 335 F.R.D. 364, 371 (D.S.C. 2020); *Mont. Pub. Int. Rsch. Grp. v. Jacobsen*, No. 23-CV-70-H-BMM-KLD, 2024 WL 197364, *5 (D. Mont. Jan. 18, 2024); *Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20CV457, 2020 WL 6589360, *2 (M.D.N.C. June 15, 2020); *Liebert v. Wis. Elections Comm'n*, 345 F.R.D. 169, 172 (W.D. Wis. 2023).

Dated: February 11, 2026                    Respectfully submitted,

*/s/ Gene C. Schaerr*
GENE C. SCHAERR (*pro hac vice*)
D.C. Bar No. 416368
JAMES C. PHILLIPS (17302)
JUSTIN A. MILLER (*pro hac vice*)
D.C. Bar No. 90022870
TYLER B. LINDLEY (18635)

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of DUCivR 7-1(a)(4)(D) and 10-1 because this motion was prepared in 12-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word, and because this motion contains 3,086 words.

Dated: February 11, 2026          */s/ Gene C. Schaerr*
                                  Gene C. Schaerr (*pro hac vice*)
                                  D.C. Bar No. 416368

                                  *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, the foregoing Opposition to Motion to Intervene was filed with the Clerk of the Court by this CM/ECF filing system, which will cause all counsel of record to be served electronically.

Dated: February 11, 2026  /s/ *Gene C. Schaerr*
Gene C. Schaerr (*pro hac vice*)
D.C. Bar No. 416368

*Counsel for Plaintiffs*