The Order of the Court is stated below:
Dated: November 21, 2025
12:25:22 PM
/s/ DIANNA GIBSON
District Court Judge

# IN THE THIRD JUDICIAL DISTRICT COURT
# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF UTAH, MORMON WOMEN FOR ETHICAL GOVERNMENT, STEFANIE CONDIE, MALCOLM REID, VICTORIA REID, WENDY MARTIN, ELEANOR SUNDWALL, and JACK MARKMAN,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH STATE LEGISLATURE, et al.,<br><br>Defendants. | **ORDER CLARIFYING BOUNDARY ISSUES RAISED BY LIEUTENANT GOVERNOR**<br><br>Case No. 220901712<br><br>Honorable Dianna M. Gibson |

The matter before the Court is the Notice of Boundary Issues and Rule 52(b) Motion for Clarification filed by Defendant Lieutenant Governor Deidre Henderson on November 18, 2025. The Court held a hearing on November 19, 2025, and requested supplemental briefing from the parties discussing the issues and offering recommendations to address them. Both the Lieutenant Governor's office and Plaintiffs filed supplemental briefs discussing and explaining the eight identified boundary issues, explaining why perceived boundary issues may not actually require any correction, and offering recommendations on how to proceed. The Legislative Defendants filed a supplemental brief, but offered no recommendation or guidance to address the boundary issues, and instead effectively deferred to Plaintiffs, stating: "Plaintiffs' counsel can instruct the Lieutenant Governor how to resolve those issues."

1

Given the timing, the requested clarification from the Court (and not the reasoning behind it) is most critical. Therefore, the Court issues this Order GRANTING the Rule 52(b) Motion for Clarification and clarifies the boundaries as follows:

With respect to assessing the number of divided municipal boundaries in the parties' map proposals submitted during the remedial proceedings (Maps C, Map 1 and Map 2), the Court adheres to the Plaintiffs' and Legislative Defendants' stipulation to use the Census Bureau's 2020 municipal file for that purpose. For that reason, any municipal annexations that took place *after* the Census Bureau provided the 2020 municipal file did not factor into any analysis (by the parties, any experts or the Court) assessing the map proposals during the October 23 and 24, 2025 evidentiary hearings. Notably, no party raised any issues regarding any possible discrepancies between the 2020 municipal boundaries and current municipal boundaries.

Having considered the parties' recommendations and taking into consideration the Lieutenant Governor's discretion, the Court concludes that no changes to Map 1 are necessary to address Issues 1-3 and 5-8 raised in the Lieutenant Governor's filing. Counsel for the Lieutenant Governor noted at the Court's November 19, 2025, hearing that Map 1 could be implemented as-is. The Court notes that Plaintiffs have suggested an approach to making determinations with respect to those issues and the Lieutenant Governor may take those suggestions into consideration when making determinations for implementation. Likewise, as the Lieutenant Governor notes, the Utah Code grants discretion in making determinations should questions subsequently arise.

With respect to Issue 4, the Court adopts the recommendation made by Dr. Oskooii and Dr. Chen (the original Map 1 designer and drawer) and ORDERS the Lieutenant Governor to implement the adjustment to Map 1 noted in Plaintiffs' November 20, 2025 filing and accompanying declaration of Dr. Oskooii. This resolves the concern that the post-2020 Census annexation by the City of Sandy could result in a one-home precinct. The shapefile for the new Map 1A has been made available to the parties on November 20, 2025, and a flash drive containing that shapefile will be available at the Matheson Courthouse. The Court will work with the Lieutenant Governor's office to ensure that the flash drive is delivered as soon as possible.

The Court will issue its legal reasoning in support of this Order and will address the request for a stay included in the Legislative Defendants' response to the Lieutenant Governor's Notice and Rule 52(b) Motion for Clarification separately. The Court will endeavor to issue that analysis as soon as possible.