The Order of the Court is stated below:
Dated: September 06, 2025
11:31:27 AM
/s/ DIANNA GIBSON
District Court Judge



# IN THE THIRD JUDICIAL DISTRICT COURT
# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF UTAH, MORMON WOMEN FOR ETHICAL GOVERNMENT, STEFANIE CONDIE, MALCOLM REID, VICTORIA REID, WENDY MARTIN, ELEANOR SUNDWALL, and JACK MARKMAN, <br><br>Plaintiffs, <br><br>v. <br><br>UTAH STATE LEGISLATURE, *et al.*, <br><br>Defendants. | **AMENDED RULING AND ORDER ADOPTING THE PARTIES' SCHEDULING ORDER AND CLARIFYING THE COURT'S AUGUST 25, 2025 RULING** <br><br>Case No. 220901712 <br><br>Honorable Dianna M. Gibson |

     In the August 25, 2025 Ruling and Order, this Court set a status conference to address the path forward with input from the parties. On September 28, 2025, the Legislative Defendants filed a Motion to Clarify, raising questions regarding the application of Proposition 4 under the circumstances. On September 29, 2005, just hours before the status conference, Plaintiffs filed a response to the Motion to Clarify. The parties each addressed the issues raised by the Motion to Clarify and the Response. In addition, the Court requested information from the Lieutenant Governor's office regarding the deadline that will govern the path forward. At the end of the hearing, the Court requested the parties discuss in good faith the path forward and attempt to agree on how to proceed and a schedule. On September 4, 2025, the parties submitted a stipulated proposed Scheduling Order.

     Based on the Legislative Defendants' Motion to Clarify, Plaintiffs' Response, the Lieutenant Governor's Notice of the November 10, 2025 deadline, the parties' arguments and representations during the September 29, 2025 hearing and the subsequently submitted proposed Scheduling Order, the Court amends and also clarifies the August 25, 2025 Ruling and Order on pages 75-76 as follows:

IT IS HEREBY ORDERED:

1. Plaintiffs' request to enjoin H.B. 2004, the 2021 Congressional Map, is GRANTED.

2. Use of H.B. 2004, the 2021 Congressional Map, is hereby ENJOINED.[1]

3. Proposition 4 is the law on redistricting in Utah.

4. Proposition 4 provides that "[u]pon the issuance of a permanent injunction under [Utah Code Ann. § 20A-19-301(2)], the Legislature *may enact* a new or alternative redistricting plan that abides by and conforms to the redistricting standards, procedures, and requirements of this chapter." Utah Code § 20A-19-301(8) (emphasis added).[2]

5. The Court retains jurisdiction over the next steps. Based on the November 10, 2025 deadline and based on the Stipulated Motion for Scheduling Order filed by both Plaintiffs and the Legislative Defendants, it is hereby ORDERED that the following schedule shall govern the remedial proceedings in this case:

| | |
|---|---|
| **Sept. 25, 2025** | Legislature to publish proposed map |
| **Sept. 26 – Oct. 5, 2025** | Public comment period |
| **Oct. 6, 2025** | Legislature's final vote on map and submission of map to the Court; Plaintiffs' deadline to submit any proposed map to the Court |
| **Oct. 17, 2025** | Parties file briefs, expert reports, and other materials in support of respective map submissions and in opposition to any map submissions, if necessary |
| **Oct. 23-24, 2025** | Evidentiary hearing, if necessary |
| **Oct. 28, 2025** | Parties file proposed findings of fact and conclusions of law with Court, if necessary |

---

[1] The Court amended its Order to remove the words "in any future elections." These words are unnecessary and arguably go beyond the relief requested and necessary in this case to address the constitutional violation.

[2] The Court amends its Ruling and Order to remove the "order" requiring the Legislature "to design and enact" a new congressional plan in the next 30 days. That "order" failed to recognize the separation of powers between our courts and our legislature and unintentionally failed to respect the Legislature's authority to determine how to address the Court's order enjoining H.B. 2004. This Court overstepped its authority by *ordering* the Legislature to *enact* a new congressional plan.

6. Having considered the parties' questions, positions and arguments regarding how to apply Proposition 4 to a mid-decade redistricting process under these circumstances, and given the necessity to comply with the November 10, 2025 deadline to avoid impacting the 2026 midterm elections, the Court clarifies the ruling as follows:

    a. A new independent redistricting commission does not need to be convened under Proposition 4 before the Legislature enacts a remedial plan. Under Proposition 4, specifically Utah Code Section 20A-19-201(4)(a) and (b), the independent redistricting commission is created by appointment "no later than 30 calendar days following . . . the receipt by the Legislature of a national decennial enumeration made by the authority of the United States, or a change in the number of congressional, legislative or other districts resulting from an event other than a national decennial enumeration made by the authority of the United States." We are four years past receipt of the federal census and there has been no change in the number of districts. In addition, some of the commission's work, specifically holding public hearings, is timed from the occurrence of these events. *See* Utah Code Ann. § 20A-19-202(11) (requiring public hearings "the earlier of the 120th calendar day" after the decennial census or change in districts or "August 31st of that year").

    b. The House is not required to take an up-or-down vote on the previously recommended "Orange" and "Public" maps, and the Senate is not required to take an up-or-down vote on all three of the previously recommended "Purple," "Orange," and "Public" maps. The Legislature also is not required to issue a detailed written report setting forth the reasons for rejecting any previously submitted commission plan. Those maps were recommended by the independent redistricting commission established under S.B. 200. Its work was performed under S.B. 200 and not Proposition 4. Accordingly, the up/down vote and the report are not necessary here and cannot effectively rectify the violation. Had the commission been established under Proposition 4, the result could be different.

    c. The work performed by the independent redistricting commission and the congressional plans it recommended can be considered by the Legislature as it redesigns the congressional plan for future elections. The prior public comments received by the commission and by the Legislature's redistricting committee can

also be considered in this process. The work done and the information previously gathered are still viable to this remedial process.

d. Proposition 4's traditional redistricting standards and requirements specifically listed under section 20A-19-103 apply to the Legislature. Section 20A-19-103(6) specifically requires the Legislature to make "computer software and information and data concerning proposed redistricting plans reasonably available to the public so that the public has a meaningful opportunity to review" the proposed remedial redistricting plan.

e. Proposition 4's ten-day notice and comment period, under section 20A-19-204(4) applies. That requirement states that the Legislature "may not enact a redistricting plan or modification of any redistricting plan unless the plan or modification has been made available to the public, by the Legislature, including making it available on the Legislature's website, or other equivalent electronic platform, for a period of no less than 10 calendar days and in a manner and format that allows the public to access the plan for adherence to the redistricting standards and requirements contained in this chapter and that allows the public to submit comments on the plan to the Legislature."

f. The Court further clarifies that only existing parties to this case may file proposed maps with the Court as part of these remedial proceedings.