**PARR BROWN GEE & LOVELESS**
David C. Reymann (Utah Bar No. 8495)
Cheylynn Hayman (Utah Bar No. 9793)
Kade N. Olsen (Utah Bar No. 17775)
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 532-7840
dreymann@parrbrown.com
chayman@parrbrown.com
kolsen@parrbrown.com

**ZIMMERMAN BOOHER**
Troy L. Booher (Utah Bar No. 9419)
J. Frederic Voros, Jr. (Utah Bar No. 3340)
Caroline Olsen (Utah Bar No. 18070)
341 South Main Street
Salt Lake City, UT 84111
(801) 924-0200
tbooher@zbappeals.com
fvoros@zbappeals.com
colsen@zbappeals.com

**CAMPAIGN LEGAL CENTER**
Mark P. Gaber*
Aseem Mulji**
Benjamin Phillips*
Isaac DeSanto*
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegalcenter.org
amulji@campaignlegalcenter.org
bphillips@campaignlegalcenter.org
idesanto@campaignlegalcenter.org

Annabelle Harless*
55 W. Monroe Street, Ste. 1925
Chicago, IL 60603
aharless@campaignlegalcenter.org

*Attorneys for Proposed Intervenors*

*\* Admitted Pro Hac Vice*
*\*\*Pro Hac Vice Forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMELIA POWERS GARDNER, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>    Defendant.<br><br>LEAGUE OF WOMEN VOTERS OF UTAH, *et al.*,<br><br>    Proposed Intervenors. | **PROPOSED LWV INTERVENORS' REPLY IN SUPPORT OF MOTION FOR INTERVENTION**<br><br>Case No. 2:26-cv-84-RJS-JCB<br><br>Judge Timothy M. Tymkovich<br>Judge Robert J. Shelby<br>Judge Holly L. Teeter<br>Magistrate Judge Jared C. Bennett |

# INTRODUCTION

Plaintiffs' sole objection to LWV Intervenors' intervention motion is their contention that it is "untimely"—an assertion that is both ironic and unreasonable. Plaintiffs do not have a right to opponent-free litigation. "[P]rudential considerations demand that the Court insist upon 'that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" *United States v. Windsor*, 570 U.S. 744, 760 (2013) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Plaintiffs' chief complaint seems really to be transitioning from facing a "no position" defendant to an adverse intervenor. Their desire (at 5) to race through this litigation to its "final stages" unopposed is not a basis upon which to deny intervention.

Not only should intervention be granted, but without it this case cannot proceed. As LWV Intervenors argued in their motion, ECF No. 17 at 9, they are necessary parties under Rule 19. Plaintiffs do not respond to this contention. The intervention motion should be granted.

# ARGUMENT

## I.   LWV Intervenors' motion is timely.

LWV Intervenors' motion is timely. As Plaintiffs acknowledge (at 4), it was filed "shortly after this action was filed"—in fact, just five days later, on a Saturday. It was filed before the three-judge court was empaneled and also before Plaintiffs moved for a preliminary injunction. LWV Intervenors notified Plaintiffs of their intent to seek intervention on Friday, February 6—just four days after the complaint was filed.

Nevertheless, Plaintiffs contend (at 4-6) that the Court should disregard LWV Intervenors' objective timeliness because the Lieutenant Governor's February 23, 2026, deadline is rapidly approaching and "election law challenges are inherently urgent." They therefore contend that this

1

case presents "unusual circumstances" warranting denial of intervention. They also contend that LWV Intervenors are ill-motivated and somehow to blame for the timeline of this lawsuit. These are not compelling arguments.

### A. There is no "redistricting case" exception to Rule 24.

Contrary to Plaintiffs' suggestion otherwise, there is no "redistricting case" exception to Rule 24. Plaintiffs contend (at 6) that redistricting cases are often urgent and thus "robustly counsel against allowing intervention." Unsurprisingly, they cite no authority for that proposition. Indeed, the possibility that a federal court challenge to Utah's congressional map would commence and end over the course of three weeks without the Court hearing from any party opposed to the claim robustly counsels *in favor* of allowing intervention. *See Windsor*, 570 U.S. at 760.

Plaintiffs cite (at 6) three cases in which the courts found the need for expedition a relevant consideration under Rule 24, but all three illustrate why LWV Intervenors' motion *was* timely. In *General Land Office v. Trump*, No. 24-40447, 2025 WL 1410414, at *5 (5th Cir. May 15, 2025), the Fifth Circuit *reversed* a district court's finding of untimeliness where intervention was sought "within weeks" of learning the existing party no longer adequately represented the intervenors. In *Ohio A. Philip Randolph Institute v Smith*, No. 1:18cv357, 2018 WL 8805953, at *1-3 (S.D. Ohio Aug. 16, 2018), the court found intervention timely in expedited election litigation where the motion was filed *two months* after the lawsuit commenced and nine days after a *second* amended complaint by the plaintiffs. And in *TRW Environmental Systems, Inc. v. United States*, 16 Cl. Ct. 516, 517, 519 (1989), the court denied intervention where the motion was filed three months after the proceeding commenced, a month after a preliminary injunction motion was filed, and two

2

weeks after the preliminary injunction hearing. By contrast, LWV Intervenors sprinted to this Court.

LWV Intervenors agree that election cases are often urgent. That is why they urgently moved to intervene.

### B. This situation is not LWV Intervenors' fault.

Remarkably, Plaintiffs blame *LWV Intervenors* for the tardiness of their own lawsuit and the unreasonable timeline they seek to impose on the Court. This is unserious.

The state district court imposed a map on November 10, 2025. Plaintiffs filed this case *three months* later, on February 2, 2026. On the afternoon of February 6, LWV Intervenors' counsel contacted the parties seeking their position on their forthcoming intervention motion. *See* ECF No. 18-1. Rather than respond to this inquiry, Plaintiffs rushed to file late that same evening an "unopposed" motion to expedite briefing and hearing on the preliminary injunction motion they had not even filed yet. ECF No. 14. The schedule they sought would have seen their forthcoming motion briefed, heard, and decided in six days. *Id.* And the stated reason they wanted to only afford this Court six days to decide their motion was to permit the Supreme Court ten days to hear their appeal. *Id.*; *see also* ECF No. 49 at 7 (complaining that they may now have three or fewer days to appeal). LWV Intervenors filed their motion to intervene the next day, a Saturday, ECF No. 17, and filed an opposition to the unreasonable schedule Plaintiffs proposed, ECF No. 18. The Court entered an expedited briefing schedule that LWV Intervenors have satisfied. ECF No. 25.

From this series of events, Plaintiffs contend (at 2, 7-10) that "through word and deed" *LWV Intervenors* are to blame for the timeline of this case and should thus be precluded from intervening. Not so.

3

First, Plaintiffs blame (at 7) LWV Intervenors for opposing their proposed six-day litigation schedule. That schedule would have provided one business day for a response to their (then still-unfiled) preliminary injunction motion. They sought a hearing from this Court—at that point missing two judges—within three business days. That request was not even lawful. *See* 28 U.S.C. § 2284(b)(2) (requiring five days' notice to Governor and Attorney General by certified mail). And they demanded a decision by today (February 13). No reasonable observer could fault LWV Intervenors for objecting to that proposal. For that reason, the suggestion that LWV Intervenors were too late because they filed for intervention half-a-day after Plaintiffs announced their "unopposed" "jointly agreed upon proposed schedule," and in proximity to that schedule's lightning-fast deadlines, is unpersuasive.[1] In any event, it is just as likely that the *Court* was unable to accommodate the proposal.

Second, Plaintiffs blame (at 7-8) LWV Intervenors for *their own* delay in filing this lawsuit. LWV Intervenors disputed the propriety of a Rule 54(b) judgment in the state case. In granting in part and denying in part that Rule 54(b) motion, the state district court expressed uncertainty about its propriety. *See* ECF No. 56-4 at 10 ("This was not an easy call . . . [t]he Court leaves it to the Utah Supreme Court to determine if, as a matter of law, [Legislative Defendants' position] suffices to establish appellate jurisdiction."). LWV Intervenors can hardly be blamed for raising questions of appellate jurisdiction in a *different lawsuit*.

This assertion is especially puzzling because LWV Intervenors *had no idea* Plaintiffs were planning to file this lawsuit. So Plaintiffs' contention (at 7) that LWV Intervenors opposed Rule

---

[1] The Lieutenant Governor takes no position in this suit. It is therefore not surprising that she likewise was unaffected by whatever unreasonable schedule Plaintiffs proposed.

4

54(b) certification in the state case as a "tactic[] [to] delay[] the ability of Plaintiffs to bring this suit by nearly a month" is perplexing. More so because the absence of a Rule 54(b) judgment in the state case posed no barrier to Plaintiffs filing this lawsuit. *See* LWV Intervenors' Opp. to Mot. for Prelim. Inj. at 20-22 (ECF No. 56) (explaining why *Growe v. Emison* did not prevent the filing of Plaintiffs' lawsuit).

Third, Plaintiffs devote a page of their response (at 9) to recounting a time when one of the undersigned counsel for LWV Intervenors successfully opposed intervention of a different party in a different lawsuit under different circumstances. Plaintiffs omit the reason for that opposition: the proposed intervenor in *that* lawsuit (the North Dakota Legislative Assembly) had no standing to intervene and filed its motion post-judgment and on appeal. *See* Response to Intervention Motion, *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 23-3655 (8th Cir. Dec. 20, 2023), Doc. 5346604. Plaintiffs' invocation (at 9) of "poultry farming" and the "goose/gander" rule thus does not make it past the coop.

Fourth, to the extent Plaintiffs are burdened by the fact they filed this lawsuit too late, that is a circumstance of their own making. It does not constitute cognizable prejudice capable of warranting the denial of intervention.

**II.    The conditions Plaintiffs suggest are unwarranted.**

Plaintiffs ask this Court (at 14) to admonish LWV Intervenors that the Court will not "tolerate" "dilatory tactics by Attempted Intervenors." LWV Intervenors have already complied with the Court's expedited schedule. The briefing is nearly done and the hearing is on Wednesday. There is no basis to "condition" intervention, especially when in LWV Intervenors' absence there is no adverse party in this lawsuit.

5

## CONCLUSION

The motion to intervene should be granted.

RESPECTFULLY SUBMITTED this 13th day of February 2026.

/s/ *David C. Reymann*

**PARR BROWN GEE & LOVELESS**
David C. Reymann
Cheylynn Hayman
Kade N. Olsen

**CAMPAIGN LEGAL CENTER**
Mark P. Gaber
Annabelle Harless
Aseem Mulji
Benjamin Phillips
Isaac DeSanto

**ZIMMERMAN BOOHER**
Troy L. Booher
J. Frederic Voros, Jr.
Caroline Olsen

*Attorneys for Proposed Intervenors*