Christina M. Jepson (USB 07301)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Phone: (801) 532-1234
Fax: (801) 536-6111
cjepson@parsonsbehle.com
ecf@parsonsbehle.com

Mitchell D. Lange (*Pro Hac Vice Forthcoming*)
Parsons Behle & Latimer
800 West Main Street, Suite 1300
Boise, ID  83702
Phone: (208) 576-3214
Fax: (208) 562-4901
mlange@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Ben McAdams*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMELIA POWERS GARDNER, et. al,<br><br>    Plaintiffs,<br><br>vs.<br><br>LIEUTENANT GOVERNOR DIEDRE HENDERSON, in her official capacity,<br><br>    Defendant. | Case No. 2:26-cv-84-RJS-JCB<br><br>**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**<br><br>Judge Timothy M. Tymkovich<br>Judge Robert J. Shelby<br>Judge Holly L. Teeter<br>Magistrate Judge Jared C. Bennett |
| LEAGUE OF WOMEN VOTERS OF UTAH, *et. al.*,<br><br>    Proposed Intervenors. | |

4930-4692-3408.v4

Pursuant to DUCivR 7-6, Ben McAdams ("McAdams") respectfully moves the Court for leave to file an *amicus curiae* brief (the "Motion") in opposition to Plaintiffs' Motion for a Preliminary Injunction. Given the short timeframes, Counsel for McAdams did not seek the consent of Counsel for Plaintiffs and Defendant prior to the filing of this brief.

## INTEREST OF *AMICUS CURIAE*[1]

McAdams is a congressional candidate in Congressional District 1 ("CD1") as defined by Map 1. McAdams is no stranger to elections in Utah. McAdams served as a Utah State Senator from 2009 to 2013, Mayor of Salt Lake County from 2013 to 2019, and U.S. Representative for Utah's 4th Congressional District from 2019 to 2021.

Once the new map was lawfully imposed by the Utah District Court in November 2025, McAdams moved quickly to get his campaign off the ground. Since then, McAdams has raised over $900,000 in donations from Utah voters and has already spent over $200,000 to establish campaign infrastructure. Along with a team of campaign staff—and significant support from the public—McAdams has initiated his campaign for Congress in reliance on the existing boundaries within CD1.

McAdams respectfully submits this Motion and attached Proposed *Amicus Curiae* Brief of Ben McAdams in Opposition to Plaintiffs' Preliminary Injunction Motion to provide critical context from a perspective on the ground in CD1. This is a perspective from an active congressional campaign and the extensive efforts already undertaken to become the Democratic nominee in CD1. McAdams has already, among other things, invested hundreds of thousands of

---

[1] This Motion and attached *amicus curiae* brief were not authored in whole or in part by counsel for any party. No person or entity other than *Amicus* or their counsel made a monetary contribution to this brief's preparation or submission. DUCivR 7-6(d)(1)(B).

4930-4692-3408.v4

dollars to create campaign infrastructure, organized volunteers, recruited and trained delegates for the Democratic convention, and secured 7,000 signatures to qualify as a candidate in the Democratic Party in CD1 as defined by Map 1. The facts show that McAdams and his campaign supporters have significantly relied on the current CD1 boundary as defined by Map 1. In other words, the twelfth hour has arrived.

Accordingly, the Court should not grant Plaintiffs' request for preliminary injunction. Such action would profoundly disrupt Utah's democratic process. Plaintiffs' preliminary injunction would harm not only McAdams' campaign, but all the volunteers, donors, delegates and supporters expending their money and valuable time supporting his campaign.

## ARGUMENT

Under this Court's local rules, McAdams' brief properly satisfies the requirements for an *amicus curiae* brief. *See* DUCivR 7-6. The brief is both useful to the disposition of the case and timely. Whether to allow *amicus* participation is within the discretion of the federal court. *New Mexico Oncology and Hematology Consultants, Ltd. v. Presbyterian Healthcare Serv.*, 994 F.3d 1166, 1175 (10th Cir. 2021); *see also Kansans for Const. Freedom v. Kobach*, 2025 WL 1726340, No. 25-2265-DDC-GEB, at *1 (D. Kansas June 20, 2025) ("Courts allow amicus curiae briefs 'upon a finding that the proffered information of amicus is useful or otherwise necessary to the administration of justice.'")

Critically, election litigation moves quickly. Oftentimes this comes as a disadvantage to the courts when attempting to determine the best outcome for litigants and the public whose constitutional rights are affected by the court's decision. The main purpose of this brief is to provide the Court with the necessary facts to make a well-informed decision. These are facts that

cannot be provided by the parties in this case and offer a unique perspective into an active congressional campaign along with declarations supporting the factual assertions. *See Doe by and through Doe v. Elkhorn Area School Dist.*, 743 F. Supp. 3d 1053, 1062 (E.D. Wis. 2024) (finding that the court will consider the amicus brief and declarations as it "provide[s] perspectives and facts absent from the parties' briefs.")

McAdams' brief provides useful insight into what is currently occurring on the ground in CD1 as a campaign relying on Map 1. This timely account provides this Court with useful facts on the record when a decision must be made on an expedited basis. Importantly, the facts provided by McAdams show the harm that could result from a ruling in favor of Plaintiffs' preliminary injunction. The applicable preliminary injunction standard includes an analysis of a balance of equities and the potential harm to the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (providing that a plaintiff must establish: (1) a likelihood of success on the merits; (2) irreparable harm; (3) the balance of equities are in their favor; and (4) the injunction is in the public interest). McAdams' brief reinforces that the outcome of this Court's decision could have drastic consequences for the voters, candidates, campaign supporters, delegates and volunteers within CD1 as defined by Map 1.

Moreover, McAdams' Motion is timely. McAdams submits this Motion within the seven days of Defendants' response and Proposed Intervenors' response to Plaintiffs' motion for preliminary injunction as required under this Court's rules. *See* DUCivR 7-6(e)(2). Given the fast-moving pace of this litigation, McAdams has moved as quickly as possible to prepare and file this Motion.

4930-4692-3408.v4

## CONCLUSION

McAdams respectfully requests the Court to grant the Motion because it meets all the requirements under federal law and this Court's rules.

DATED this 17th day of February, 2026

*/s/ Christina M. Jepson*
Christina M. Jepson
Mitchell D. Lange
PARSONS BEHLE & LATIMER
*Attorneys for Amicus*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 17th day of February, 2026, I caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** to be filed electronically via the Court's CM/ECF system, which caused service by electronic mail on all counsel of record.

/s/ Christina M. Jepson