IN THE

**SUPREME COURT OF THE STATE OF UTAH**

---

LEAGUE OF WOMEN VOTERS OF UTAH, MORMON WOMEN FOR ETHICAL GOVERNMENT, STEFANIE CONDIE, MALCOLM REID, VICTORIA REID, WENDY MARTIN, ELEANOR SUNDWALL, AND JACK MARKMAN,
*Appellants*,

v.

UTAH STATE LEGISLATURE, UTAH LEGISLATIVE REDISTRICTING COMMITTEE, SEN. SCOTT SANDALL, REP. MIKE SCHULTZ, AND SEN. J. STUART ADAMS,
*Appellees.*

---

No. 20260019

---

**ORDER**[1]

---

This matter is before the court on Plaintiffs-Appellees' Motion for Summary Disposition, Defendants-Appellants' Motion for Stay of Permanent Injunction, and a Motion for Joinder, or, in the Alternative, to Intervene by the Utah County Clerk.

**INTRODUCTION**

Legislative Defendants filed a notice of appeal on January 7, 2026, appealing an August 25, 2025 summary judgment order on Count V of Plaintiffs' complaint. Plaintiffs responded with this Motion for Summary Disposition, arguing that we lack jurisdiction over Legislative Defendants' appeal.

As Plaintiffs point out, the August 25 Order is an interlocutory order, meaning it was issued while the litigation was ongoing and did not end the case as to all claims and all parties. Ordinarily, a party cannot appeal until a judgment is final, meaning that all claims involving all parties have been finally resolved. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. The August 25 Order did not do this. In the Order, the court ruled in favor of Plaintiffs on Count V of their complaint, in which they alleged that Utahns had exercised their right under the Utah Constitution to alter or reform their government when they enacted Proposition 4, a ballot initiative that prohibited partisan gerrymandering and

---

[1] These motions are before this court's law and motion panel, composed of Chief Justice Durrant, Justice Petersen, and Associate Chief Justice Pohlman.

1

reformed the redistricting process. The court ruled that Legislative Defendants had violated that right by repealing Proposition 4; enacting another law, S.B. 200, which did not prohibit partisan gerrymandering; and enacting the 2021 Congressional Map under S.B. 200. The court granted some relief to Plaintiffs in the Order: it struck down S.B. 200; ruled that "Proposition 4 is the law on redistricting in Utah"; and permanently enjoined the 2021 Congressional Map. But the case was not final, nor was Count V finally resolved, because no remedy had yet been established for the violations identified by the district court. Rather, the court retained jurisdiction over a forthcoming remedial process.

However, even though the August 25 Order did not end the case, Legislative Defendants could have immediately appealed it. Although parties must usually wait until a case is final to appeal, a statute enacted earlier that year gave Legislative Defendants a right to immediately appeal the order, even though it was interlocutory.[2] But the 30 days to appeal the August 25 Order passed, and no appeal was filed.

Likewise, the same statute gave Legislative Defendants the right to appeal the order issued by the district court on November 10, 2025, in which the court put in place a remedial map for the 2026 election. However, the 30 days to appeal passed, and no appeal was filed.[3]

Instead, in January of this year, Legislative Defendants asked the district court to certify Count V and the August 25 Order as final and appealable under Utah Rule of Civil Procedure 54(b). This rule permits, in narrow circumstances, an appeal of fewer than all the claims in a case if there is a final decision on the appealed claims.[4] The district court granted Legislative Defendants' request in part. It clarified that it has not yet entered a final decision on Count V because the remedial process was not final. However, it certified the August 25 Order as final, emphasizing that this case raises "important legal issues" that warrant appellate review "as quickly as possible." Legislative Defendants then appealed from the district court's 54(b) certification.

Plaintiffs have moved for summary dismissal of this appeal, arguing that this is not a proper certification under rule 54(b) and that we therefore do not have jurisdiction over the appeal. We conclude they are correct.

To be sure, we agree with the district court that this case, and its August 25 Order, raise important legal issues that warrant timely appellate review. Had either the August 25

---

[2] Utah Code section 78B-5-1002(2) authorizes a civil defendant to appeal as of right from an order granting injunctive relief when the underlying claim challenges a state law as facially unconstitutional. The party must appeal within 30 days from the date of the order. *See* UTAH R. APP. P. 4(a).

[3] The remedial process was expedited in order to get a lawful map in place for the 2026 election. So time was tight for an appeal that would impact the 2026 maps. However, on December 9, 2025, Legislative Defendants went into special session and extended the relevant electoral deadlines, which provided additional time for a map to be put in place. *See* Election Amendments, ch. 2, 2025 Utah Laws 6579 (amending UTAH CODE §§ 20A-9-201.5, 20A-9-408).

[4] It also permits an appeal if all claims as to a party are final. *Butler v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 26, 337 P.3d 280. But that portion of the rule is not before us.

2

or November 10 Orders been appealed under 78B-5-1002(2), we would have had statutory jurisdiction over those appeals even though those orders were interlocutory. But rule 54(b) does not allow for immediate review of an order where that order does not finally resolve Plaintiffs' claim. And here, no claim has been certified as final. Thus, certification under rule 54(b) is improper and we lack jurisdiction over Legislative Defendants' appeal. *See Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶¶ 26, 29, 428 P.3d 1133.

Accordingly, we grant Plaintiffs' Motion for Summary Disposition and dismiss Legislative Defendants' appeal. Also before us are Defendants' Motion for Stay, which requests a stay of the district court's injunction of the 2021 Congressional Map during the pendency of this appeal; and the Utah County Clerk's Motion for Joinder in this appeal. Because we dismiss the appeal for lack of jurisdiction, we dismiss both motions as moot.

## BACKGROUND

We provide a brief procedural history to put our ruling in context.

In 2018, Utahns enacted a ballot initiative called the "Utah Independent Redistricting Commission and Standards Act." The initiative, colloquially referred to as "Proposition 4," sought to reform Utah's redistricting process by prohibiting partisan gerrymandering and mandating a set of neutral redistricting criteria. The Legislature repealed Proposition 4 and replaced it with its own redistricting law, referred to as S.B. 200.

Plaintiffs, League of Women Voters of Utah and others, brought suit. Relevant here, they alleged in Count V of their complaint that in proposing and passing Proposition 4, Utahns had exercised their right under the Utah Constitution to alter or reform their government. And they contended that Legislative Defendants had violated that right by repealing Proposition 4 and enacting S.B. 200 in its place.

Legislative Defendants moved to dismiss Count V in the district court. They argued that because the Legislature has authority to amend, repeal, and enact statutes—and a citizen initiative is a statute—the Legislature has unfettered authority to repeal citizen initiatives, including Proposition 4. The district court agreed with Legislative Defendants and dismissed Count V.

On interlocutory appeal of that decision, we held that the people's exercise of their right to alter or reform their government through a citizen initiative is protected from government infringement by the Utah Constitution. *League of Women Voters of Utah v. Utah State Legislature*, 2024 UT 21, ¶ 227, 554 P.3d 872. We did not decide whether S.B. 200 infringed that constitutional right but remanded the case back to the district court for further proceedings consistent with our opinion. *Id.*

On remand, the parties filed cross-motions for summary judgment. In addition to permanent injunctions against S.B. 200 and the 2021 Congressional Map, Plaintiffs requested that the court "[r]etain jurisdiction for remedial proceedings" to ensure prospective compliance with Proposition 4. In deciding those motions, the district court considered whether S.B. 200 infringed upon Utahns' right to alter or reform their government,

following the guidance we provided in *League of Women Voters*, 2024 UT 21. The court concluded, as a matter of law, that it did. And the court granted summary judgment to Plaintiffs. Concluding that S.B. 200 was unconstitutional and "void *ab initio*," the district court declared that Proposition 4 is "the only valid law on redistricting."

The district court's order went on to address the remedy requested by Plaintiffs—an injunction on S.B. 200 and the 2021 Congressional Map and remedial proceedings to ensure prospective compliance with Proposition 4. H.B. 2004, the 2021 Congressional Map, had been enacted under S.B. 200 and had been used in the 2022 and 2024 election cycles. The district court concluded that H.B. 2004 reflected a "refusal to respect the people's exercise of their constitutional lawmaking power" and was thus "the product of an unconstitutional process." So the court permanently enjoined the map's use. It ordered that a new congressional map be adopted for the 2026 election and that the replacement map comply with Proposition 4. The court crafted a remedial process that included, among other things, an opportunity for Legislative Defendants to draw a map compliant with Proposition 4, and for Plaintiffs to submit proposed alternatives in the event that the Legislature failed to adopt a lawful map. On September 6, 2025, the court entered a clarifying order adopting a schedule to govern the remedial proceedings. That schedule was based on a stipulation reached by both Plaintiffs and Legislative Defendants.

Following the district court's August 25 Order, Legislative Defendants had thirty days to file an appeal as of right under Utah Code section 78B-5-1002(2). *See* UTAH R. APP. P. 4(a). They did not file an appeal. Instead, they sought a stay of the district court's injunction of the 2021 Congressional Map pending completion of the remedial proceedings and further appellate review. The district court denied the motion.

Legislative Defendants then filed an emergency petition for extraordinary relief with this court under rule 19(a) of the Utah Rules of Appellate Procedure, arguing that the district court abused its discretion in denying the stay. We rejected that argument in *League of Women Voters of Utah v. Utah State Legislature*, 2025 UT 39, ¶ 17, 579 P.3d 287, concluding that Legislative Defendants did not show that the district court had abused its discretion in denying the stay.

As the remedial proceedings continued in the district court, the Legislature enacted two new statutes on October 6, 2025. S.B. 1011 modified the redistricting standards in Proposition 4. And S.B. 1012 enacted "Map C," one of five congressional map options previously considered by the Legislature.

The next day, Plaintiffs sought leave to file a Third Supplemental Complaint asserting six new claims and seeking a preliminary injunction. Plaintiffs alleged that S.B. 1011 violated Utahns' constitutional right to alter or reform their government under article I, section 2 of the Utah Constitution. According to Plaintiffs, S.B. 1011 impaired Proposition 4's core reform by redefining the initiative's prohibition on partisan gerrymandering so narrowly that it effectively mandated the use of maps favoring the majority Republican party.

After a two-day evidentiary hearing, the district court granted Plaintiffs' motion for a preliminary injunction, concluding that S.B. 1011 likely violated Utahns' constitutional

4

right to alter or reform their government. The court also determined that Map C did not comply with Proposition 4 and preliminarily enjoined its use. The court then addressed the appropriate remedy. Citing Proposition 4, federal law (2 U.S.C. § 2c), the Open Courts Provision of the Utah Constitution (Utah Const. art. I, § 11), and precedent from the United States Supreme Court and various federal and state courts, the district court determined that it was both authorized and obligated to remedy the absence of a lawful congressional map by ordering the adoption of a lawful map. It adopted Map 1, submitted by Plaintiffs, as the map to be used in the 2026 congressional elections. The court issued these rulings in its November 10, 2025 Order. That Order again afforded Legislative Defendants thirty days to appeal as of right under Utah Code section 78B-5-1002(2). *See* UTAH R. APP. P. 4(a). However, no appeal was filed.

Then, on December 11, 2025—more than three months after the district court issued its August 25 order—Legislative Defendants moved the district court under Utah Rule of Civil Procedure 54(b) to enter final judgment on Plaintiffs' Count V so they could appeal the court's August 25 Order. The district court granted the motion in part. It certified as final its August 25, 2025 Order and its September 6, 2025 Amended Ruling and Order. But the district court stopped short of certifying Count V in its entirety: "to be clear, the Court does not certify Count V—the subject of the August 25, 2025 order—as final. Remedial proceedings for Count V and other pending claims remain ongoing in this Court."

Legislative Defendants filed a notice of appeal on January 7, 2026. And Plaintiffs moved for summary disposition of Legislative Defendants' appeal on the basis that we lack jurisdiction because certification under rule 54(b) was improper.

## ANALYSIS

"As a general rule, an appellate court does not have jurisdiction to consider an appeal unless the appeal is taken from a final order or judgment that ends the controversy between the litigants." *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 10, 428 P.3d 1133 (cleaned up). One exception to this default rule is found in Utah Rule of Civil Procedure 54(b). *Id.* ¶ 15. That rule provides that "[w]hen an action presents more than one claim for relief," a district court "may enter judgment as to one or more but fewer than all of the claims or parties." UTAH R. CIV. P. 54(b). Rule 54(b) certification "allows an appellate court to weigh in on a matter even though not all of the causes of action for all of the parties have been adjudicated." *Copper Hills*, 2018 UT 56, ¶ 15. However, an appellate court lacks jurisdiction to consider matters that were not properly certified. *Id.*

Legislative Defendants asked the district court to "certify its August order as final for purposes of appeal under Rule 54(b)." The district court agreed to certify that order, but it expressly clarified that it "d[id] not certify Count V—the subject of the August 25, 2025 order—as final." The court thus granted Legislative Defendants' motion to certify the August 25 Order but denied the motion "to the extent it requests certification of Count 5 as final."

There are three requirements for rule 54(b) certification: (1) "there must be multiple

5

claims for relief or multiple parties to the action"; (2) "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action"; and (3) "the district court, in its discretion, must make an express determination that there is no just reason for delay." *Id.* ¶ 16 (cleaned up). We have explained that the second prerequisite "requires a district court to finally decide at least one claim or the rights and liabilities of at least one party prior to granting rule 54(b) certification." *Butler v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 26, 337 P.3d 280 (cleaned up).

Here, however, the district court did not certify any one claim as final. Indeed, the court explained that the order Legislative Defendants asked it to certify—the August 25, 2025 Ruling and Order—"does not completely resolve Plaintiffs' *claim* in count V." The court explained that the order set forth a remedial process to be undertaken, and "the remedy for Count V is only partially complete." But to certify a claim for immediate appellate review under rule 54(b), a district court "may enter judgment" only as to "claims" in their entirety. *See* UTAH R. CIV. P. 54(b). And "without a judgment disposing of a claim or a party there is no basis for certification under this rule." *Wash. Townhomes, LLC v. Wash. Cnty. Water Conservancy Dist.*, 2016 UT 43, ¶ 9, 388 P.3d 753.

Thus, no claim has been certified as final under rule 54(b). The district court certified the August 25 Order as final, but that Order is the basis for the remedial proceedings in the district court, which are not before us in this appeal and remain in a preliminary injunction posture in that court. Accordingly, rule 54(b) certification is not proper and we lack jurisdiction over Legislative Defendants' appeal. *See id.* ¶ 10 ("The district court's decision did not finally dispose of any claim and did not finally adjudicate the interests of a party. Instead it decided a threshold *issue* of possible relevance to the ultimate disposition of the plaintiffs' claims. And that is insufficient under rule 54(b).").

## CONCLUSION

For these reasons, we grant Plaintiffs' Motion for Summary Disposition and dismiss the appeal. And consequently, we dismiss Legislative Defendants' Motion for Stay and the Utah County Clerk's Motion for Joinder as moot.

FOR THE COURT on this

20th day of February, 2026:

_____
Matthew B. Durrant
Chief Justice

6

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing ORDER was sent by electronic mail to be delivered to:

VICTORIA S. ASHBY
VASHBY@LE.UTAH.GOV

CHRISTINE R. GILBERT
CGILBERT@LE.UTAH.GOV

ALAN R. HOUSTON
AHOUSTON@LE.UTAH.GOV

TYLER R. GREEN
TYLER@CONSOVOYMCCARTHY.COM

TAYLOR A.R. MEEHAN
taylor@consovoymccarthy.com

FRANK H. CHANG
frank@consovoymccarthy.com

MARIE E. SAYER
MARI@CONSOVOYMCCARTHY.COM

SOREN GEIGER
soren@consovoymccarthy.com

OLIVIA ROGERS
orogers@consovoymccarthy.com

DAVID C. REYMANN
DREYMANN@PARRBROWN.COM

ASEEM B. MULJI
amulji@campaignlegalcenter.org

ANNABELLE E. HARLESS
aharless@campaignlegalcenter.org

J. FREDERIC VOROS, JR.
FVOROS@ZBAPPEALS.COM

TROY L. BOOHER
TBOOHER@ZBAPPEALS.COM

CAROLINE A. OLSEN
COLSEN@ZBAPPEALS.COM

MARK P. GABER
mgaber@campaignlegalcenter.org

KADE N. OLSEN
KOLSEN@PARRBROWN.COM

BENJAMIN PHILLIPS
bphillips@campaignlegalcenter.org

ISAAC DESANTO
idesanto@campaignlegalcenter.org

CHEYLYNN HAYMAN
CHAYMAN@PARRBROWN.COM

DALLIN BROCKBANK HOLT
DHOLT@HOLTZMANVOGEL.COM

SARAH E. GOLDBERG
SGOLDBERG@AGUTAH.GOV

DAVID N. WOLF
DNWOLF@AGUTAH.GOV

LANCE F. SORENSON
LANCESORENSON@AGUTAH.GOV

THIRD DISTRICT, SALT LAKE
cheryla@utcourts.gov

By /s/ Nicole I. Gray
NICOLE I. GRAY

Case No. 20260019
THIRD DISTRICT, SALT LAKE, 220901712