IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMELIA POWERS GARDNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>Defendant.<br><br>―――――<br><br>LEAGUE OF WOMEN VOTERS OF UTAH, *et al.*,<br><br>Proposed Intervenors. | ORDER DENYING MOTION TO INTERVENE BY THE NATIONAL REDISTRICTING FOUNDATION<br><br>Case No. 2:26-cv-00084<br><br>Circuit Judge Timothy M. Tymkovich<br>District Judge Robert J. Shelby<br>District Judge Holly L. Teeter<br>Magistrate Judge Jared C. Bennett |

Now before the court is National Redistricting Foundation's (NRF) Motion to Intervene.[1] For the reasons stated below, the Motion is DENIED.

## BACKGROUND

NRF is a nonprofit advocacy group that seeks to ensure fair maps "that will have a nationwide impact in creating more just and representative electoral districts."[2] NRF's efforts focus on public education "to raise awareness of gerrymandering" and "partner[ing] with groups to develop redistricting reforms at the state and federal level."[3] It also sponsors and funds litigation opposing gerrymandering practices that discriminate on party affiliation or otherwise

---

[1] Dkt. 48, *Motion to Intervene By the National Redistricting Foundation* (*Motion*).

[2] *Id.* at 3.

[3] *Id.*

violate state law "to the detriment of voters and fair representation."[4]  In its litigation efforts, NRF opposes the Independent State Legislature (ISL) theory—the argument that "the Constitution conveys the authority to prescribe the times, places, and manner of congressional elections to the Legislature of each State, not to state courts.'"[5]

This action challenges the constitutionality of a congressional redistricting map adopted by a Utah state district court judge.[6]  In the underlying state litigation, the plaintiffs argued the then-existing congressional map (2021 Map) was "an extreme partisan gerrymander" that violated a Utah law prohibiting partisan gerrymandering.[7]  On August 25, 2025, the Utah district court issued an order concluding the 2021 Map was unconstitutional and enjoining its use for the 2026 elections.[8]

The district court directed the Utah Legislature to "enact a remedial congressional map"[9] and permitted the plaintiffs to submit proposed maps.[10]  The Legislature subsequently enacted a new congressional map (Map C) and the parties submitted their proposed maps for the district court's review.[11]  Following an evidentiary hearing, the district court determined Map C was also

---

[4] *Id.* at 3–4.  NRF notes it is now unable to challenge partisan gerrymandering in federal court because the Supreme Court has determined partisan gerrymandering claims are not justiciable.  *See id.* at 4 (citing *Rucho v. Common Cause*, 588 U.S. 684 (2019)).  *Id.* at 4.

[5] *Id.* at 2–4.

[6] *See* Dkt. 1, *Complaint*.

[7] Dkt. 17-2, *First Amended Complaint for Declaratory and Injunctive Relief* at 1; Dkt. 17-3, *Ruling and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Legislative Defendants' Cross-Motion for Summary Judgment* (*August 2025 Order*).

[8] *August 2025 Order* at 69–76.

[9] *Id.* at 76.

[10] *Id.*

[11] *Motion* at 4–5.

unconstitutional.[12]  The Utah Lieutenant Governor required a map by November 10, 2025 to implement for the 2026 elections.  With the deadline upon it, having concluded that Map C and the 2021 Map were both unlawful, and in view of the stipulation of all parties that the only other potentially viable map (the 2011 Map) was malapportioned, the district court adopted a map proposed by the plaintiffs (Map 1) as a judicial remedy.[13]  Utah's Lieutenant Governor subsequently stated she would implement Map 1 unless ordered not to do so.[14]

On February 2, 2026, Plaintiffs filed this action alleging the Utah district court's adoption of Map 1 and Defendant's implementation of it violate the Election Clause of the United States Constitution.[15]  Plaintiffs' constitutional challenge to Map 1 is rooted in the ISL theory.[16]

On February 11, 2026, NRF filed its Motion, arguing it is entitled to intervene as a matter of right or, in the alternative, NRF requests the court permit its intervention.[17]

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides that a non-party may intervene in an action as a matter of right or by permission.[18]  Notwithstanding Rule 24, any party that seeks to enter federal court must demonstrate standing to intervene.[19]  "[A]n intervenor of right

---

[12] Dkt. 17-4, *Ruling and Order* (*November 2025 Order*) at 90.

[13] *Id.* at 87, 90.

[14] *Complaint* ¶ 21.

[15] *Id.* ¶¶ 89–96.

[16] *See Complaint* ¶¶ 1–5; *Motion* at 2–3.

[17] *Motion* at 6–12.

[18] *Id.*

[19] *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 912 (10th Cir. 2017) ("Rule 24(a)'s provisions cannot remove the Article III hurdle that anyone faces when voluntarily seeking to enter a federal court.") (citation omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating "standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

must meet the requirements of Article III [standing] if the intervenor wishes to pursue relief not requested by a [party]."[20]  Standing requires an "injury in fact" that is "actual or imminent, not conjectural or hypothetical," "a causal connection between the injury and the conduct complained of," and it is likely "the injury will be redressed by a favorable decision."[21]  An association has standing if (1) "its members would otherwise have standing to sue in their own right," (2) "the interests at stake are germane to the organization's purpose," and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."[22]

Under Rule 24, intervention as a matter of right is appropriate if: "(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties."[23]

## ANALYSIS

The court concludes NRF lacks standing to intervene and, even if it had standing, the LWV Intervenors adequately represent NRF's interest in this case.

### A. NRF Lacks Standing to Intervene.

NRF does not address whether it has standing to intervene,[24] but the court has "an independent obligation to determine whether subject-matter jurisdiction exists."[25]

---

[20] *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 435 (2017).

[21] *Lujan*, 504 U.S. at 560.

[22] *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 703 (2000).

[23] *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation modified).

[24] *See generally* Motion.

[25] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)).

While NRF undoubtedly has an interest germane to its purpose and participation of its members in the case is not necessary, NRF has not established its members would have standing to sue in their own right. For one of NRF's members to have standing to sue, the member must assert an actual or imminent injury in fact that is not conjectural or hypothetical."[26] Here, NRF asserts "[t]his litigation directly threatens" its interests in advocacy and efforts to combat unlawful redistricting maps, including its state-court litigation across the country.[27] "[A]n adverse ruling may thwart or hinder that advocacy."[28] Specifically, NRF argues

> [i]f Plaintiffs prevail on their ISL-based claim, it could have a *stare decisis* effect 'in later proceedings' (or serve as persuasive authority for other courts which later address similar issues) which could preclude state courts from performing judicial review on state election laws or severely limit their ability to impose an appropriate remedy.[29]

NRF further contends this case could "'foreclose the rights' of NRF in other cases" and "devastate NRF's ability to perform [its] ongoing, mission-critical work."[30] However, NRF has not established that this injury is "actual or imminent, not hypothetical or conjectural."[31]

Imminence is "a somewhat elastic concept," but an asserted injury must be

---

[26] *Lujan*, 504 U.S. at 560.

[27] *Motion* at 8–10.

[28] *Id.* at 8.

[29] *Id.* at 9 (quoting *Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 279 (10th Cir. 2002)).

[30] *Id.* (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009)).

[31] *Lujan*, 504 U.S. at 560 (stating "actual or imminent, not conjectural or hypothetical" injury is an "irreducible constitutional mini[mal]" requirement for standing); *see also Whitemore v. Arkansas*, 495 U.S. 149, 155 (1990) ("To establish an Art. III case or controversy, a litigant first must clearly demonstrate that he has suffered an 'injury in fact.' That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical.") (citation modified).

"certainly impending" to cross the threshold from speculation to injury in fact.[32] "Allegations of *possible* future injury are not sufficient."[33]

NRF has not asserted any injury other than the possibility this case could negatively impact its advocacy efforts or potentially establish some persuasive authority that might affect the function of courts in adjudicating state election laws.[34] Any impact the outcome of this litigation may have is tenuous and speculative. The court thus concludes that NRF has not demonstrated a "certainly impending" injury sufficient to establish standing.

### B. LWV Intervenors Adequately Represent NRF's Interests.

Even if the court were to conclude NRF had standing to intervene, its interest is adequately represented by the LWV Intervenors.

"When a would-be intervenor's and the representative party's interests are 'identical,' we presume adequate representation."[35] Parties have identical interests when they share the same legal objective.[36] Although NRF's interest in combating the ISL theory is broader than LWV Intervenors' interest in this case, the legal objective for both is the same: upholding the district

---

[32] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact.") (internal quotation marks and citation omitted).

[33] *Id.* (emphasis in original) (cleaned up); *see also Whitmore*, 495 U.S. at 158 ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to constitute injury in fact.") (internal quotation marks and citations omitted).

[34] *Motion* at 9. *See also Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.02[1] [d], p. 134–36 (3d ed. 2011)).

[35] *Kane Cnty., Utah v. United States*, 928 F.3d 877, 888 (10th Cir. 2019) (internal quotation marks and citation omitted).

[36] *See Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113–14 (10th Cir. 2017) ("When the applicant and an existing party share an identical legal objective, we presume that the party's representation is adequate.").

court's adoption of Map 1. If LWV Intervenors prevail, NRF will receive all the relief it would otherwise seek in this court. Accordingly, the court is not persuaded NRF's interest is not adequately represented by LWV Intervenors.

NRF also requests that, in the event the court concludes it is not entitled to intervene as a matter of right, the court grant permissive intervention.[37] Rule 24 provides "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."[38] "Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought."[39] In determining permissive intervention, courts consider "whether the intervention will 'unduly delay or prejudice' the adjudication of the rights of the existing parties."[40] "While not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention."[41] Here, NRF states its "claims and defenses" satisfy Rule 24 because they contest "whether Plaintiffs have plausibly advanced a cognizable legal theory in the complaint."[42]

NRF provides no analysis, nor does it address any potential delay or prejudice to the existing parties. The case is being litigated on an expedited basis and additional briefing could extend the time it takes to resolve the claim. The court has also already determined LWV

---

[37] *Motion* at 11–12.

[38] Fed. R. Civ. P. 24(b)(1).

[39] *Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 278–79 (2022).

[40] *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005) (quoting Fed. R. Civ. P. 24(b)); *see also* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

[41] *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M. Sept. 9, 2008) (citing *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996)).

[42] *Id.* (quoting Fed. R. Civ. P. 24(b)).

Intervenors adequately represent NRF's interest in the case. In these circumstances, the court concludes that denying intervention is appropriate. However, the court acknowledges NRF's background and experience in ISL litigation and for that reason accepted NRF's amicus brief.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.[43]

SO ORDERED this 24th day of February 2026.

BY THE COURT:

_____
ROBERT J. SHELBY

---

[43] Dkt. 48.