UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| COMMISSIONERS AMELIA POWERS GARDNER, *et. al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>LIEUTENANT GOVERNOR DEIDRE HENDERSON, in her official capacity,<br><br>   Defendant. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:26-cv-00084-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiffs are hereby ordered to show cause why this case should not be dismissed as moot.

**BACKGROUND**

This case follows years of contention over Utah's congressional map.[1]  In November 2018, Utah voters passed a ballot measure (Proposition 4) that created an independent restricting commission authorized to propose redistricting plans to the Legislature according to certain procedural and substantive requirements.[2]  In 2020, the Legislature repealed Proposition 4 and replaced it with a new law, S.B. 200, that retained some elements of Proposition 4, but substantially changed the procedural and substantive restrictions.[3]  Following the release of the

---

[1] Dkt. 1, *Complaint* ¶¶ 67–80; Dkt. 57, *Memorandum of Utah Legislature as Amicus Curiae in Support of Plaintiffs' Motion for Preliminary Injunction* (*Amicus Curiae*) at 3–11.

[2] *Complaint* ¶¶ 67–68; *Amicus Curiae* at 4–5; *League of Women Voters of Utah v. Utah State Legislature*, 554 P.3d 872, 881–83 (Utah 2024).

[3] *League of Women Voters*, 554 P.3d at 883.

2020 national census, the Legislature redrew Utah's electoral districts pursuant to S.B. 200 (the 2021 Map).[4]

Intervenors in this case and the League of Women Voters challenged S.B. 200 in Utah state court. In August 2025, a Utah state judge declared S.B. 200 void, permanently enjoined the 2021 Map, and ordered the Legislature and the state court plaintiffs to submit proposed congressional maps.[5] Following an evidentiary hearing, the state court issued an order rejecting the map the Legislature submitted and adopted a new congressional map, Map 1.[6] Defendant Henderson subsequently announced she would comply with the state court's order and implement Map 1 for Utah's 2026 elections.[7]

On February 2, 2026, Plaintiffs filed their Complaint in this case alleging Henderson violated the Elections Clause of the United States Constitution[8] by agreeing to implement Map 1 because the map "was not constitutionally authorized."[9] Plaintiffs are elected commissioners and sheriffs of various Utah counties, the mayor of Utah county, and two members of the United States House of Representatives—Burgess Owens and Celeste Maloy.[10] Plaintiffs allege they

---

[4] *Id.* at 880, 883–87; *Complaint* ¶ 97.

[5] The state court subsequently clarified that it "could not constitutionally order the Legislature to submit a map." *Complaint* ¶ 73.

[6] *Complaint* ¶¶ 75–78.

[7] *Id.* ¶¶ 79–80.

[8] U.S. Const. Art. I § 4, cl. 1.

[9] *Complaint* ¶ 95.

[10] Powers Gardner is a commissioner of Utah County; Greg Miles a commissioner of Duchesne County; Clint Painter is a commissioner of Juab County; Lori Maughan is a commissioner of San Juan County; Tammy Pearson is a commissioner of Beaver County; and Adam Snow and Victor Iverson are commissioners of Washington County; Jimmie Hughes is currently the mayor of St. George, Utah; Tracy Glover, Chad Jensen and Mike Smith, are sheriffs of Kane, Cache, and Utah counties, respectively; and Burgess Owens and Celeste Maloy are Representatives in Congress.

are harmed by having their representatives determined under an unconstitutional map and because Map 1 alters the campaigns for Owens and Maloy who are running for reelection.[11]

In the Complaint, Plaintiffs allege Map 1 "changes the rules of the election just as the candidates are preparing to run their races," and the 2021 Map "should be allowed to remain in effect pending any different action from the Legislature."[12]  The Complaint requests the following relief:

(a) convene a three-judge panel to adjudicate this case;

(b) declare that Map 1 was unconstitutionally imposed by a state district judge and Henderson;

(c) remand the selection of a congressional map to the Utah Legislature;

(d) declare the 2021 congressional map governs if the Utah Legislature does not select a new map;

(e) preliminary and permanently enjoin Henderson from implementing Map 1;

(f) preliminarily and permanently enjoying Henderson from implementing any congressional map that is not passed by the Utah Legislature;

(g) order expedited hearings and briefings necessary to issue the requested relief; and

(h) grant any other just, proper, and equitable relief.[13]

---

[11] *Complaint* ¶¶ 26, 28.  Representative Owens has subsequently announced he will not seek reelection.  *Rep. Burgess Owens Won't Seek Reelection in 2026*, KUER (Mar. 40, 2026, 4:36 p.m.), https://www.kuer.org/politics-government/2026-03-04/rep-burgess-owens-wont-seek-reelection-in-2026, https://perma.cc/8U2Y-4K63 (last accessed Jun. 26, 2026).

[12] *Complaint* ¶¶ 58, 88.

[13] *Id.* at 29–30.

On February 18, 2026, this court held a hearing on Plaintiffs' Motion for a Preliminary Injunction,[14] and subsequently issued a per curium decision denying the Motion.[15]  In the Order, the court concluded the state district court properly enjoined the 2021 Map and it is "no longer law."[16]

A case is moot if there is no longer a "real, live controversy" or "practical significance."[17] The case or controversy requirement under Article III persists "through all states of federal judicial proceedings," and the parties "must continue to have a 'personal stake in the outcome' of the lawsuit."[18]  The 2026 elections are now underway and this case will have no bearing on the electoral races Plaintiffs assert their interest in.  It is not clear that Plaintiffs continue to have a personal stake in the outcome.

Further, the relief Plaintiffs request in their Complaint has either already occurred[19] or no longer has practical significance.  The court already concluded that, due to the unique circumstances of this case, Plaintiffs likely cannot establish the state district court judge unconstitutionally adopted Map 1.[20]  The 2021 Map is unlawful,[21] Henderson has implemented Map 1, and the 2026 elections are now underway.  Any further adjudication of this case has no

---

[14] Dkt. 19, *Plaintiffs' Motion for Preliminary Injunction* (*Preliminary Injunction Motion*).

[15] Dkt. 99, *Memorandum Decision and Order* (*Order*) at 29–30.

[16] *Order* at 24.

[17] *Moot*, Black's Law Dictionary (12th ed. 2024).

[18] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (concluding a case was moot because the plaintiff "lacked a still vital claim for prospective relief").

[19] A three-judge panel has convened.  *See Complaint* at 29; *Order*.

[20] *Order* at 24–28.

[21] *Id.* at 24.

"practical significance."  Accordingly, Plaintiffs are ordered to show cause no later than July 7, 2026, why this case should not be dismissed as moot.

SO ORDERED this 26th day of June 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court